[Cite as *State v. Holman*, 2012-Ohio-5705.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 93869 and 93870**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## STEPHEN HOLMAN

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case Nos. CR-500288 and CR-500286
Application for Reopening
Motion No. 459703

**RELEASE DATE:** December 5, 2012

**FOR APPELLANT**

Stephen Holman
Inmate No. 572-063
North Central Correctional Institution
P.O. Box 1812
Marion, Ohio 43301-1812

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Michael E. Jackson
        Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, P.J.:

{¶1} On October 26, 2012, the applicant, Stephen Holman, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Holman*, 8th Dist. Nos. 93869 and 93870, 2010-Ohio-4886, in which this court affirmed Holman's convictions and sentences for various counts of aggravated theft by deception, securing writings by deception, falsification, receiving stolen property, telecommunications fraud, and forgery.[1] Holman complains that his appellate counsel was ineffective because he did not argue the exclusion of an expert witness, and the impossibility of committing these crimes as a loan officer.[2] For the following reasons, this court denies the application.

{¶2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. The October 2012 application was filed approximately two years after this court's decision. Thus, it is untimely on its face. In an effort to establish good cause, Holman states that in October 2010, his appellate counsel informed him as follows: this court had affirmed the convictions and sentences; he had a limited period of time to appeal to the Supreme Court of Ohio; if he desired further legal

---

[1]A jury convicted Holman of these crimes for his role in a "mortgage fraud" scheme involving two pieces of property.

[2]Holman argues that he could not have committed these acts as a loan officer, because on the date of certain transactions his temporary license as a loan officer had expired and he was no longer an employee of the involved mortgage broker.

advice, he should retain private counsel or contact the public defender; and his attention to his case was in his best interest. Holman continues that because he is a layman and indigent, he sought legal advice in the prison's library and appealed to the Supreme Court of Ohio, which denied the appeal in May 2011. Holman then implies that he was then able to pursue his App.R. 26(B) application.

{¶3} However, this fails to establish good cause for an untimely filing. The Supreme Court of Ohio in *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, rejected this argument and held that the ninety-day deadline for filing must be strictly enforced. In those cases, the applicants argued that after the courts of appeals decided their cases, their appellate lawyers continued to represent them, and their appellate lawyers could not be expected to raise their own incompetence. Although the supreme court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases, the court ruled that the applicants could not ignore the ninety-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the principle that lack of effort, imagination, and ignorance of the law do not establish good cause for failure to seek timely relief under App.R. 26(B). Thus, Holman's proffer that he could not submit his application to reopen until the Supreme Court of Ohio had finished its review does not state good cause. Furthermore, this court notes that pursuant to Holman's Exhibit C1 to

his application, he knew in December 2009, the arguments he raises now and that the Supreme

Court of Ohio denied his appeal approximately 15 months ago.

{¶4} Accordingly, this court denies the application to reopen.


_____
KENNETH A. ROCCO, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR