[Cite as *State v. Wanzo*, 2013-Ohio-2085.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | |
|---|---|
| STATE OF OHIO, | : |
| | : |
| Plaintiff-Appellee, | : Case No. 12CA29 |
| | : |
| vs. | : |
| | : DECISION AND JUDGMENT |
| ROBERT C. WANZO, | : ENTRY |
| | : |
| Defendant-Appellant. | : **Released: 05/15/13** |

_____

APPEARANCES:

Eric J. Allen, Columbus, Ohio, for Appellant.

James Schneider, Washington County Prosecutor and Alison L. Cauthorn, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for Appellee.

_____

McFarland, P.J.

{¶1} Robert C. Wanzo appeals his conviction in the Washington County Court of Common Pleas after a jury found him guilty of one count of felonious assault, one count of aggravated vehicular assault, and failure to stop after an accident. On appeal, Wanzo (hereinafter "Appellant") raises two assignments of error. He contends: (1) his convictions are against the manifest weight of the evidence because he did not intend to cause or attempt to cause physical harm to the alleged victim, and (2) police misconduct occurred when the officer involved failed to disclose to the

prosecuting attorney's office that a taped conversation between Appellant

and the alleged victim existed. Having reviewed the record, we find the trial

court failed to address disposition of an attempted murder charge and a

felonious assault charge, resulting in the lack of a final, appealable order for

us to review. Accordingly, we dismiss this appeal.

FACTS

{¶2} On February 14, 2011, Appellant arrived at the Lafayette Hotel

in Marietta to pick up his then-girlfriend, Madison Matthews. While there,

Appellant encountered Majed Maliki (hereinafter "Maliki"), an

acquaintance. According to Appellant, he had come to fear Maliki because

of prior threatening incidents.

{¶3} Maliki, on foot, approached Appellant in his car. Appellant

drove forward and struck Maliki. Appellant later claimed Maliki threatened

to kill him and he feared Maliki was brandishing a weapon as he approached

the car. Maliki's foot was seriously injured. He required hospitalization and

surgery.

Appellant was subsequently indicted on the following five counts:

Count one- attempted murder, a violation of R.C. 2903.02 (A)
and (D), R.C. 2923.02 (A) and (E)(1), and a felony of the first degree;

Count two- felonious assault, a violation of R.C. 2903.02(A)(2) or
(D)(1)(a), and a felony of the second degree;

Count three- felonious assault, same as above;

Count four- aggravated vehicular assault, a violation of R.C. 2903.08(A)(2)(b), a felony of the third degree; and,

Count five- failure to stop after an accident, a violation of R.C. 4549.02(A) and (B) and a felony of the fifth degree.

{¶4} Appellant entered pleas of not guilty to all counts. Appellant eventually proceeded to trial and was convicted on counts three, four, and five. Appellant was sentenced on June 9, 2012. The journal entry of sentence filed July 3, 2012 makes no mention of count one, the attempted murder charge. The State did not move to dismiss count one at any stage of the proceeding. Furthermore, Appellant was found not guilty of attempted felonious assault. The record does not contain information as to how that charge came to be presented to the jury. Attempted felonious assault was not contained in the indictment.

LEGAL ANALYSIS

{¶5} "Ohio courts of appeals possess jurisdiction to review the final orders of inferior courts within their district." *State v. Grube,* 4th Dist. No. 10CA16, 2012-Ohio-2180, 2012 WL 1700455, at ¶ 5, quoting *Portco, Inc. v. Eye Specialists, Inc.,* 173 Ohio App.3d 108, 2007-Ohio-4403, 877 N.E.2d 709, at ¶ 8, citing Section 3(B)(2), Article IV, Ohio Constitution and R.C. 2501.01. "In a criminal matter, if a trial court fails to dispose of all the

criminal charges, the order appealed from is not a final, appealable order. "
*State v. Robinson*, 5th Dist. No. 2007CA 00349, 2008-Ohio-5885, at ¶ 11-
12, citing *State v. Coffman,* 5th Dist. No. 06CA090062, 2007-Ohio-3765 and
*State v. Goodwin,* 9th Dist. No. 23337, 2007-Ohio-2343.  Such an
interlocutory order is not subject to appellate review.  *Grube,* supra; *State v.
Smith,* 4th Dist. No. 10CA13, 2011-Ohio-1659, at ¶ 5.

{¶6} Appellant was indicted and arraigned on five counts, the first two
were attempted murder and felonious assault.  At trial, the jury received
instructions on attempted felonious assault, felonious assault, aggravated
vehicular assault, and failure to stop at an accident. The jury's verdict was
not guilty on attempted felonious assault, and guilty on the remaining
charges, count three, felonious assault, count four, aggravated vehicular
assault, and count five, failure to stop at an accident.

{¶7} A court of record speaks through its journal entries.  *Grube,*
supra at ¶ 7 (Concurring opinion); *State v. Miller,* 127 Ohio St. 3d 407,
2012-Ohio-5705, at ¶ 12.  A review of the record leads us to believe that the
count of attempted murder was dismissed or amended to attempted felonious
assault. However, we cannot be sure because the record is devoid of any
disposition as to the attempted murder charge and/or how the attempted
felonious assault charge made its way into the jury's deliberations.  Thus,

the trial court's July 3, 2012 journal entry sentencing Appellant to prison is not a final appealable order.  Accordingly, we have no jurisdiction to review Appellant's assignments of error and we dismiss the instant appeal.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL IS DISMISSED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court,


BY:  _____
Matthew W. McFarland
Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**