[Cite as *State v. White*, 2017-Ohio-8750.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-538 |
| v. | : | (C.P.C. No. 03CR-7014) |
| Marcus White, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 30, 2017

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Barbara A. Farnbacher,* for appellee.

**On brief:** *Marcus White,* pro se.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Marcus White, pro se, appeals the July 12, 2017 judgment of the Franklin County Court of Common Pleas denying his postconviction petition to vacate and set aside his judgment of conviction. For the reasons that follow, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The facts are more fully detailed in appellant's direct appeal of his convictions. *State v. White*, 10th Dist. No. 05AP-1178, 2006-Ohio-4226 ("*White I*"), ¶ 2-5, 8-24. As pertinent to this appeal, on October 12, 2003, appellant shot his wife in the face and then fatally shot his mother-in-law. Appellant's wife survived. On October 22, 2003, appellant was indicted for aggravated murder with capital and firearm specifications, and attempted murder with a firearm specification.

{¶ 3} A jury trial commenced on May 20, 2005, and the jury returned a verdict finding appellant not guilty of aggravated murder, but guilty of the lesser included offense of murder, and not guilty of attempted murder, but guilty of the lesser included offense of felonious assault. The jury also found that appellant used a firearm to facilitate the offenses. On August 2, 2005, appellant was sentenced to 15 years to life on the murder charge and 7 years on the felonious assault charge, with the sentences to be served consecutively. In addition, the trial court also imposed 3 years of mandatory incarceration for the firearm specification.

{¶ 4} Appellant appealed his conviction and sentence. The trial transcript was filed in his direct appeal on January 24, 2006. We affirmed in part, reversed in part, and remanded the case for resentencing. *White I*.[1] Following his resentencing on remand, appellant again appealed. We affirmed the trial court's judgment. *State v. White*, 10th Dist. No. 07AP-743, 2008-Ohio-701 ("*White II*").[2]

{¶ 5} On September 13, 2012, appellant filed a motion to vacate and set aside the judgment of conviction, asserting that the judgment was void. The trial court denied appellant's motion and he appealed. We affirmed the trial court's decision. *State v. White*, 10th Dist. No. 12AP-1055, 2013-Ohio-2217 ("*White III*").[3]

{¶ 6} On September 16, 2016, appellant filed a motion to vacate his judgment and conviction, claiming the trial court erred in instructing the jury on the lesser included offense of murder. On July 12, 2017, the trial court denied, for lack of jurisdiction, appellant's motion because it was untimely and barred as a successive petition under R.C. 2953.23(A) and under the doctrine of res judicata. (July 12, 2017 Decision and Entry.) Appellant timely filed this appeal.

## II. ASSIGNMENT OF ERROR

{¶ 7} Appellant's assignment of error is lengthy and at times difficult to follow. However, in summary, appellant claims that the trial court erred when it denied his motion to vacate because the indictment did not charge him with the crimes of murder

---

[1] Discretionary appeal not allowed by the Supreme Court of Ohio. *State v. White*, 111 Ohio St.3d 1494, 2006-Ohio-6171.

[2] Discretionary appeal not allowed by the Supreme Court of Ohio. *State v. White*, 118 Ohio St.3d 1464, 2008-Ohio-2823.

[3] Discretionary appeal not allowed by the Supreme Court of Ohio. *State v. White*, 137 Ohio St.3d 1414, 2013-Ohio-5096.

and felonious assault and, therefore, the trial court lacked subject-matter jurisdiction and his conviction violated double jeopardy, due process, and resulted in a void judgment.

### III. DISCUSSION

{¶ 8} We agree with the trial court that it lacked jurisdiction. Appellant's motion to vacate and set aside judgment should be treated as a postconviction petition. In general, "where a criminal defendant, subsequent to his direct appeal, files a motion seeking to vacate or correct his sentence on the basis that his constitutional rights have been violated, such a motion is deemed a petition for post-conviction relief." *State v. Rippey*, 10th Dist. No. 06AP-1229, 2007-Ohio-4521, ¶ 8, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997).

{¶ 9} " '[A] trial court's decision granting or denying a postconviction petition * * * should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence.' " *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 7, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} Appellant challenged the conviction and sentence he is currently serving, and R.C. 2953.21 "is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(K). Pursuant to R.C. 2953.21(A)(2), appellant was required to file his petition no later than 365 days after the date on which the trial transcript was filed in the Court of Appeals. This restriction is jurisdictional, as "a court may not entertain a petition filed after the expiration of" that time period. R.C. 2953.23(A). *See also State v. Myers*, 10th Dist. No. 05AP-228, 2005-Ohio-5998, ¶ 28, 34.

{¶ 11} Here, the trial transcript for appellant's direct appeal was filed with this court on January 24, 2006. Thus, appellant's 365-day deadline to file a petition for postconviction relief expired on January 24, 2007. Appellant did not file his petition until September 16, 2016, over 9 years after the deadline expired. Thus, appellant's petition for postconviction relief was untimely.

{¶ 12} Pursuant to R.C. 2953.23(A), the trial court lacks jurisdiction to entertain appellant's petition if it is untimely filed, unless he can show that one of the exceptions set forth in R.C. 2953.23(A)(1) or (2) apply. *State v. Dixon*, 10th Dist. No. 10AP-75, 2010-Ohio-3894, ¶ 7. Appellant has failed to show, or even argue, that he qualifies under any of the exceptions set forth in R.C. 2953.23(A). Therefore, appellant's motion was untimely filed and the trial court lacked jurisdiction.

{¶ 13} In addition, appellant's petition was also a successive or second petition, as he previously filed an untimely postconviction petition in September 2012. Notably, "a trial court may not entertain an untimely and second or successive petition for post-conviction relief 'unless the petitioner demonstrates * * * he was unavoidably prevented from discovering the facts necessary for the claim for relief[.]' " *State v. Waddy*, 10th Dist. No. 15AP-397, 2016-Ohio-4911, ¶ 26, quoting *State v. Tolliver*, 10th Dist. No. 14AP-170, 2014-Ohio-4824, ¶ 18. Appellant did not, and cannot, demonstrate that he was unavoidably prevented from discovering facts which were contained in the record of the trial court's proceedings. Appellant's petition was properly denied on this basis.

{¶ 14} Even if appellant's petition was not untimely and barred as a successive petition, appellant's arguments would fail due to the doctrine of res judicata. "Res judicata is applicable in all postconviction relief proceedings." *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996). Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶ 15} As a result, "[p]ostconviction review is a narrow remedy, since res judicata bars any claim that was or could have been raised at trial or on direct appeal." *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994); *State v. Davic*, 10th Dist. No. 15AP-1000, 2016-Ohio-4883, ¶ 11. Here, appellant challenged his sentence during his direct appeal, and he challenged his sentence in his other postconviction pleadings. He also had the opportunity to raise his claimed error in instructing the jury on the lesser included

offenses in a timely appeal, or in a timely postconviction petition. *See Perry* at paragraph seven of the syllabus. As such, res judicata bars appellant's motion.

{¶ 16} Accordingly, the trial court acted reasonably when it found that it lacked jurisdiction because appellant's petition was an untimely and successive postconviction petition, and because it was barred by res judicata. Appellant's assignment of error is overruled.

## IV. DISPOSITION

{¶ 17} Based on the foregoing, appellant's assignment of error is overruled. Therefore, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and BRUNNER, JJ., concur.

————————————