**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. White v. Woods,* Slip Opinion No. 2019-Ohio-1893.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1893

THE STATE EX REL. WHITE, APPELLANT, *v.* WOODS, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. White v. Woods,* Slip Opinion No. 2019-Ohio-1893.]**

*Mandamus—Procedendo—Inmate had adequate remedy at law by way of appeal from resentencing entry, which was a final, appealable order—Court of appeals' judgment dismissing complaint affirmed.*

(No. 2018-1172—Submitted March 5, 2019—Decided May 22, 2019.)

APPEAL from the Court of Appeals for Franklin County, No. 17AP-620, 2018-Ohio-2954.

_____

**Per Curiam.**

{¶ 1} Appellant, Marcus D. White, appeals the judgment of the Tenth District Court of Appeals dismissing his complaint for a writ of mandamus and/or procedendo to compel appellee, Franklin County Court of Common Pleas Judge William H. Woods, to issue a corrected sentencing entry. We affirm.

**Background**

{¶ 2} In 2006, the Franklin County Common Pleas Court issued an entry resentencing White for his 2005 convictions for murder and felonious assault, with firearm specifications. White appealed, and the court of appeals affirmed. *State v. White*, 10th Dist. Franklin No. 07AP-743, 2008-Ohio-701.

{¶ 3} In 2016, White filed two motions asking the trial court to vacate the 2006 resentencing entry. The trial court denied both motions, holding that it lacked jurisdiction to rule on them. *State v. White*, Franklin C.P. No. 03 CR 7014, 2017 Ohio Misc. LEXIS 3641 (July 12, 2017). The court of appeals affirmed, holding that the motions were effectively an untimely postconviction petition and that the trial court lacked jurisdiction. *State v. White*, 10th Dist. Franklin No. 17AP-538, 2017-Ohio-8750.

{¶ 4} On August 28, 2017, White filed in the court of appeals a complaint for a writ of mandamus and/or procedendo, arguing that he is entitled to a new sentencing entry that complies with R.C. 2505.02 and Crim.R. 32(C). Specifically, White contended that the 2006 resentencing entry failed to (1) identify the felony underlying his felony-murder conviction and (2) include the postrelease-control provision required by R.C. 2929.19(B). White also challenged his 2006 resentencing entry by arguing that it consists of multiple documents. *See State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163.

{¶ 5} Judge Woods moved to dismiss White's complaint for failure to state a claim. A magistrate recommended dismissal, and over White's objections, the court of appeals adopted the recommendation. The court concluded that White's action was barred because he had an adequate remedy at law, noting that he had already litigated the same issues in the appeal that was resolved in 2017. White filed a timely appeal.

**Law and Analysis**

**{¶ 6}** This court reviews a dismissal under Civ.R. 12(B)(6) de novo. *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 10. In doing so, we must presume the truth of all factual allegations in the complaint and draw all reasonable inferences in the nonmoving party's favor. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). We will affirm a lower court's judgment granting the motion "only when there is no set of facts under which the nonmoving party could recover." *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 12.

**{¶ 7}** To be entitled to a writ of mandamus, White is required to show (1) a clear legal right to the requested relief, (2) a clear legal duty on Judge Woods's part to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. A writ of procedendo is appropriate upon a showing of "a clear legal right to require the trial court to proceed, a clear legal duty on the part of the trial court to proceed, and the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, ¶ 9.

**{¶ 8}** White disputes the court of appeals' conclusion that he had an adequate remedy at law because, according to him, the 2006 resentencing entry is not a final, appealable order. Specifically, he contends that the 2006 entry failed to comply with Crim.R. 32(C) and *Baker*. A sentencing entry is a final, appealable order when it sets forth "(1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus (modifying *Baker*). The 2006 entry is one document and satisfies all four requirements: it states that White was convicted of murder and

felonious assault, states his sentence for each crime, is signed by former Judge Daniel T. Hogan, and is time-stamped. And contrary to White's assertion, the resentencing entry notes that the court had notified him under R.C. 2929.19(B) that he was subject to a mandatory five-year term of postrelease control. Because the resentencing entry is a final, appealable order, White had an adequate remedy in the ordinary course of the law by way of appeal, which precludes an action for relief in mandamus or procedendo. *Ward* at ¶ 12.

{¶ 9} White also claims that the court of appeals cannot be impartial as indicated by its prior rulings against him. We reject White's claim because a judge's adverse rulings are not evidence of bias. *In re Disqualification of Fuerst*, 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14.

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only, with an opinion joined by DEWINE, J.

_____

**KENNEDY, J., concurring in judgment only.**

{¶ 10} Because appellant, Marcus D. White, had an adequate remedy in the ordinary course of law to assert his claim that the trial court never issued a final order in his criminal case, the Tenth District Court of Appeals properly dismissed his complaint for writs of mandamus and procedendo. For this reason, and contrary to the majority's analysis, it is not necessary to expand the scope of this appeal to reach the merits of White's claim that he never received a final order. I therefore concur only in the judgment affirming the court of appeals' judgment in this case.

{¶ 11} In 2005, a jury convicted White of murder and felonious assault, and he is currently serving a sentence of 25 years to life in prison. The Tenth District Court of Appeals affirmed his convictions on direct appeal, *State v. White*, 10th

4

Dist. Franklin No. 05AP-1178, 2006-Ohio-4226, ¶ 35, and later upheld the trial court's order resentencing him to correct a *Foster* error in imposing consecutive sentences, *State v. White*, 10th Dist. Franklin No. 07AP-743, 2008-Ohio-701, ¶ 2. *See State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph three of the syllabus (holding that certain sentencing statutes were unconstitutional because they required judicial fact-finding before imposition of consecutive sentences).

{¶ 12} White's subsequent attempts to collaterally attack his convictions and sentence have failed. For example, in 2013, the court of appeals affirmed the denial of White's motion to vacate his judgment of conviction, rejecting his argument that alleged trial-court errors in instructing the jury on lesser included offenses rendered his convictions and sentence void. *State v. White*, 10th Dist. Franklin No. 12AP-1055, 2013-Ohio-2217, ¶ 12. In 2017, the appellate court upheld the denial of a second motion to vacate White's judgment of conviction, concluding that the motion was an untimely and successive petition for postconviction relief and that his claims were barred by res judicata. *State v. White*, 10th Dist. Franklin No. 17AP-538, 2017-Ohio-8750, ¶ 16. It then denied his motion for reconsideration of that decision, rejecting White's argument that the trial court's 2006 resentencing entry was not a final, appealable order that complied with Crim.R. 32(C). *See* 2018-Ohio-2954, ¶ 9 (setting forth the court's analysis in *State v. White*, 10th Dist. No. 17AP-538 (Feb. 13, 2018) (denying reconsideration)).

{¶ 13} White commenced this action for writs of mandamus and procedendo compelling appellee, Franklin County Court of Common Pleas Judge William H. Woods, to issue a judgment of conviction that complies with this court's precedent construing Crim.R. 32(C) by resolving all the charges against him in a single document. The Tenth District Court of Appeals dismissed the action, holding that White had an adequate remedy in the ordinary course of law, precluding the issuance of an extraordinary writ. The Tenth District concluded that

"White cannot relitigate in this original action the issues that he has previously litigated * * *. Therefore, this action is barred by the plain and adequate remedy at law." *Id.* at ¶ 12.

{¶ 14} White appealed as of right to this court. Because the Tenth District declined to reach the merits of his petition, his various arguments that his 2006 resentencing entry is not a final, appealable order are not properly before us. Rather, this appeal is limited to the question whether an appeal of the denial of a motion to vacate a judgment of conviction is an adequate remedy in the ordinary course of law precluding extraordinary relief in mandamus and procedendo.

{¶ 15} We have already decided that question. In *State ex rel. Daniels v. Russo*, __ Ohio St.3d __, 2018-Ohio-5194, __ N.E.3d __, ¶ 9, and its companion case, *State ex rel. Henley v. Langer*, ___ Ohio St.3d ___, 2018-Ohio-5204, ___ N.E.3d ___, ¶ 6, we held that a direct appeal of the denial of a motion for a new sentencing entry affords an offender an adequate remedy in the ordinary course of law to address claims that the trial court failed to comply with our caselaw construing Crim.R. 32. Further, a complaint seeking extraordinary relief in mandamus or procedendo is subject to dismissal when it is evident that the relator has or had an adequate remedy in the ordinary course of law. *State ex rel. Bradford v. Dinkelacker*, 149 Ohio St.3d 683, 2017-Ohio-1342, 77 N.E.3d 935, ¶ 5; *State ex rel. Sevayega v. McMonagle*, 122 Ohio St.3d 54, 2009-Ohio-2367, 907 N.E.2d 1180, ¶ 1.

{¶ 16} White had an adequate remedy to challenge the finality of his judgment of conviction by moving the trial court to enter a final order and, if unsuccessful, by appealing the denial of that motion in the court of appeals. The Tenth District therefore properly dismissed White's complaint for extraordinary relief without delving into the merits of his claim. Ending the analysis there is consistent with our duty not to issue advisory opinions as well as " 'the cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary

not to decide more,' " *State ex rel. LetOhioVote.org v. Brunner*, 123 Ohio St.3d 322, 2009-Ohio-4900, 916 N.E.2d 462, ¶ 51, quoting *PDK Laboratories, Inc. v. United States Drug Enforcement Administration*, 362 F.3d 786, 799 (D.C.Cir.2004) (Roberts, J., concurring in part and in judgment).

{¶ 17} Accordingly, I join the majority's judgment but not its reasoning.

DEWINE, J., concurs in the foregoing opinion.

_____

Marcus D. White, pro se.

Ron O'Brien, Franklin County Prosecuting Attorney, and Arthur J. Marziale Jr., Assistant Prosecuting Attorney, for appellee.

_____