[Cite as *State v. White*, 2020-Ohio-4313.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 19AP-153 |
| v. | : | (C.P.C. No. 03CR-7014) |
| Marcus D. White, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 3, 2020

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Marcus D. White*, pro se.

APPEAL from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1} When it resentenced Marcus D. White in October of 2006 on his (affirmed) convictions for murder (15 years to life) and felonious assault (seven additional years) with a three-year consecutive firearm specification, the trial court stated that a five-year term of postrelease control would attach (presumably to the felonious assault sanction). That stated term of postrelease control was in error; pursuant to statute, it should have been three years and not five. But Mr. White didn't raise the issue in his direct appeal from that resentencing or in his various later appeals and other court filings until 2017. *Compare, e.g., State v. White*, 10th Dist. No. 07AP-743, 2008-Ohio-701; *State v. White*, 10th Dist. No. 12AP-1055, 2013-Ohio-2217; *State v. White*, 10th Dist. No. 17AP-538, 2017-Ohio-8750,

*with* September 12, 2017 "Motion to Vacate and Set Aside a Statutorily Void Sentence." When he finally did bring it to the trial court's attention, the trial court reduced the postrelease control period from five years to three years in what it styled a nunc pro tunc entry to correct "a scrivener's error." *See* February 15, 2019 Decision and Entry at 2; February 19, 2019 Nunc Pro Tunc Re-Sentencing Entry.

{¶ 2}    Mr. White has appealed the trial court's refusal to eliminate the post-release control time altogether, arguing that he already has served his prison sentence on the felonious assault count and remains incarcerated under his murder sentence.  By entry of August 29, 2019, we stayed consideration of the appeal pending determination by the Supreme Court of Ohio of *State v. Hudson*, __ Ohio St.3d __, 2020-Ohio-3849 (July 30, 2020).  The Supreme Court now has decided that case and has reconfirmed its also recent ruling in *State v. Harper*, __ Ohio St.3d __, 2020-Ohio-2913 (May 14, 2020), that "when the trial court has subject-matter jurisdiction over the crime and personal jurisdiction over the accused, the failure to properly impose postrelease control in a sentence renders that sentence voidable, not void." *Hudson* at ¶ 14, citing *Harper* at ¶ 39-42.  Because a claimed mistake in postrelease control does not make even that portion of a sentence void, any such asserted error that was not challenged on direct appeal from the sentence "is now barred by the doctrine of res judicata." *Hudson* at ¶ 16, citing *Harper* at ¶ 41 (further citation omitted).

{¶ 3}    Mr. White's objection to the postrelease control term as imposed in 2007 therefore was not void, as he asserts, but instead was voidable through timely appeal—an appeal that he did not bring during the prescribed time.  And he cannot be heard now to complain that the trial court improperly used the nunc pro tunc mechanism to reduce the postrelease control term to its statutorily specified three-year period:  as the state submits,

that alteration in no way harms and only could (perhaps potentially) benefit him.  *See, e.g.,* *State v. Johnson*, 8th Dist. No. 61904, 1993 Ohio App. Lexis 1263, *5 (correction resulted in no prejudice to defendant and thus provided him no ground for reversal).

{¶ 4}  Under the binding precedents of *Hudson* and *Harper*, we overrule Mr. White's interrelated assignments of error (which urge that the trial court lacked jurisdiction to reduce the postrelease control term when the prison time for the count to which it attached already [allegedly] had been served, and that the correction was improper too absent an in-person re-resentencing hearing), and we affirm the judgment of the trial court.

*Assignments of error overruled; judgment affirmed.*
BRUNNER and BEATTY BLUNT, JJ., concur.