[Cite as *State ex rel. White v. Aveni*, 2021-Ohio-3159.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Marcus D. White, | : | |
| Relator, | : | |
| | | No. 21AP-103 |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Judge Carl A. Aveni, II, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on September 14, 2021

**On brief:** *Marcus D. White*, pro se.

**On brief:** [*Jeanine Hummer*, First Assistant Prosecuting Attorney], and *Bryan B. Lee*, for respondent.

IN MANDAMUS/PROCEDENDO
ON OBJECTION TO THE MAGISTRATE'S DECISION

DORRIAN, P.J.

{¶ 1} In this original action, relator, Marcus D. White, an inmate of the Pickaway Correctional Institution, requests a writ of mandamus/procedendo ordering respondent, the Honorable Carl A. Aveni, II, a judge of the Franklin County Court of Common Pleas, to enter a judgment of conviction and sentence that properly disposes of Count 2 of the indictment in Franklin C.P. No. 03CR-7014. Respondent requests this court dismiss the action, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact

and conclusions of law, which is appended hereto.  The magistrate recommends this court grant respondent's motion to dismiss.  The magistrate reasoned the original action is barred because relator's arguments regarding the alleged defects in the 2006 sentencing entry have been addressed and rejected "more times than would be productive to count." (Appended Mag.'s Decision at ¶ 29.)  The magistrate further reasoned respondent or one of his predecessors presiding over this case has issued a valid final order of conviction and sentence in relator's criminal case.

{¶ 3}  The criteria for granting mandamus was outlined by the Supreme Court of Ohio in *State ex rel. Priest v. Dankof*, 143 Ohio St.3d 82, 2015-Ohio-165, ¶ 2.  "To obtain a writ of mandamus, [relator] must establish a clear legal right to the requested relief, a clear legal duty on the part of [respondent] to grant it, and the lack of an adequate remedy in the ordinary course of the law."  *Id.*, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, ¶ 6.  In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law.  *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996).  A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.*

{¶ 4}  Relator has filed an objection to the magistrate's decision.  In his objection, relator argues he has never been sentenced for "violating felonious assault to wit: Ms. [Debra] Green, law of the case, res judicata, or any time bar applies."  (Obj. at 3.)

{¶ 5}  For the reasons outlined in the magistrate's decision, we overrule relator's objection and grant respondent's motion to dismiss.  In *State v. White*, 10th Dist. No. 17AP-538, 2017-Ohio-8750, and *State v. White*, 10th Dist. No. 18AP-711 (Mar. 21, 2019) (memorandum decision), we addressed the issues relator raises here.  Further, in *State ex rel. White v. Woods*, 156 Ohio St.3d 562, 2019-Ohio-1893, ¶ 8, the Supreme Court held:

> White disputes the court of appeals' conclusion that he had an adequate remedy at law because, according to him, the 2006 resentencing entry is not a final, appealable order. Specifically, he contends that the 2006 entry failed to comply with Crim.R. 32(C) and [*State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330]. A sentencing entry is a final, appealable order when it sets forth "(1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp

indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus (modifying *Baker*). The 2006 entry is one document and satisfies all four requirements: it states that White was convicted of murder and felonious assault, states his sentence for each crime, is signed by former Judge Daniel T. Hogan, and is time-stamped. And contrary to White's assertion, the resentencing entry notes that the court had notified him under R.C. 2929.19(B) that he was subject to a mandatory five-year term of postrelease control. Because the resentencing entry is a final, appealable order, White had an adequate remedy in the ordinary course of the law by way of appeal, which precludes an action for relief in mandamus or procedendo. [*State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512], at ¶ 12.

{¶ 6} As is apparent from the extensive history related to the underlying criminal case, No. 03CR-7014, it is clear that relator is aware of and has pursued the adequate remedy in the ordinary course of the law available to him. Accordingly, relator does not meet the criteria to grant his complaint for mandamus/procedendo.

{¶ 7} Upon review of the magistrate's decision, an independent review of the record, and due consideration of relator's objection, we find the magistrate has properly stated the facts and applied the appropriate law in finding relator is not entitled to relief in mandamus/procedendo. Therefore, we overrule relator's objection to the magistrate's decision and adopt the decision as our own, including the findings of facts and conclusions of law contained therein. Consistent with the legal conclusions reached by the magistrate, the requested writ of mandamus/procedendo is dismissed.

*Objection overruled*;
*action dismissed.*

BEATTY BLUNT and JAMISON, JJ., concur.

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Marcus D. White, | : | |
| Relator, | : | |
| v. | : | No. 21AP-103 |
| Judge Carl A. Aveni II, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

## MAGISTRATE'S DECISION

### Rendered on April 30, 2021

*Marcus D. White,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Bryan B. Lee,* for respondent.

### IN MANDAMUS AND PROCEDENDO
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 8} Relator, Marcus D. White, seeks a writ of mandamus or procedendo ordering respondent, Judge Carl A. Aveni of the Franklin County Court of Common Pleas, to enter judgment in relator's underlying criminal case. Relator alleges that although he was convicted of two felonies, the trial court, even after one resentencing and two nunc pro tunc entries, has failed to enter a judgment of conviction and sentence that properly disposes of Count Two of the indictment.

{¶ 9} Respondent has filed a motion to dismiss relator's complaint for failure to state a claim because the alleged defect in sentencing is nonexistent on the face of the latest sentencing entry, and because multiple appeals and original actions in this court have already addressed and determined the issues raised by relator here.

Findings of Fact:

{¶ 10} 1. Relator's complaint avers that he is incarcerated at Pickaway Correctional Institution pursuant to a conviction in Franklin C.P.  No. 03CR-7014.

{¶ 11} 2. Relator's complaint further avers that respondent is the common pleas judge currently assigned to his criminal case.

{¶ 12} 3. Relator was tried in 2005 on charges of aggravated murder (Count One) and attempted murder (Count Two), involving separate victims in nearly simultaneous shootings.  The jury returned guilty verdicts on the lesser included offenses of felony murder and felonious assault respectively, both with firearm specifications, the felonious assault offense supplying the predicate for the felony murder count.  This court heard his direct appeal in *State v. White*, 10th Dist. No. 05AP-1178, 2006-Ohio-4226, and affirmed his convictions while remanding for resentencing pursuant to law created by the Supreme Court of Ohio's intervening decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856.

{¶ 13} 4. The trial court entered a new sentencing entry on October 24, 2006, imposing terms of 15 years to life on Count One, 7 years on Count Two, and merging the two firearms specifications to impose a single additional three-year term, all to be served consecutively.  The entry also specifies mandatory post-release control of five years.

{¶ 14} 5. This court affirmed the new sentence in *State v. White*, 10th Dist. No. 07AP-743, 2008-Ohio-701 *discretionary appeal not accepted*, 118 Ohio St.3d 1464, 2008-Ohio-2823.

{¶ 15} 6. Relator has since filed numerous pleadings in the trial court, this court, and federal court contesting his conviction.  Only the ones most pertinent to his present action are set forth as follows.

{¶ 16} 7. On September 13, 2012, relator filed in the trial court a motion to vacate his conviction, which the court treated and rejected as a duplicative and untimely petition for post-conviction relief that was largely barred by res judicata.  This court affirmed on appeal. *State v. White*, 10th Dist. No. 12AP-1055, 2013-Ohio-2217, *discretionary appeal not accepted*, 137 Ohio St.3d 1414, 2013-Ohio-5096.

{¶ 17} 8. On September 16, 2016, relator filed another motion to vacate his sentence, again treated by the trial court as duplicative, untimely, and barred by res judicata.  This

court affirmed. *State v. White*, 10th Dist. No. 17AP-538, 2017-Ohio-8750, *discretionary appeal not accepted*, 153 Ohio St.3d 1454, 2018-Ohio-3026.

{¶ 18} 9. In 2018, appellant filed an original action in procedendo and mandamus requesting that this court issue a writ compelling the trial court to issue a final appealable order. This court dismissed the action finding relator was relitigating the same alleged error raised and rejected in 10th Dist. No. 17AP-538, supra. *State ex rel. White v. Woods*, 10th Dist. No. 17AP-620, 2018-Ohio-2954. The Supreme Court affirmed. *State ex rel. White v. Woods*, 156 Ohio St.3d 562, 2019-Ohio-1893. The Supreme Court specifically rejected relator's attempt to attack the 2006 sentencing entry because relator had an opportunity to appeal therefrom and correct any alleged errors, which in any event were nonexistent:

> The 2006 entry is one document and satisfies all four requirements: it states that White was convicted of murder and felonious assault, states his sentence for each crime, is signed by former Judge Daniel T. Hogan, and is time-stamped. And contrary to White's assertion, the resentencing entry notes that the court had notified him under R.C. 2929.19(B) that he was subject to a mandatory five-year term of postrelease control. Because the resentencing entry is a final, appealable order, White had an adequate remedy in the ordinary course of the law by way of appeal, which precludes an action for relief in mandamus or procedendo.

*Id.* at ¶ 8.

{¶ 19} 10. On August 9, 2017, appellant filed in the trial court "notice of availability and motion for sentencing for count one's 'hanging charge' 2903.11(A)(1) felonious assault to wit: Debra Green." On September 6, 2017, appellant filed a "notice of availability and motion for sentencing for count three's 'hanging charge' 2921.12 tampering with evidence." On September 21, 2017, appellant filed a "motion for speedy trial and notice of availability for sentencing on count one felony murder (B) §2903.02." The trial court denied the three motions on August 28, 2018 as duplicative, untimely, and barred by res judicata. This court affirmed on all grounds cited by the trial court. *State v. White*, 10th Dist. No. 18AP-711 (March 21, 2019 memorandum decision) at ¶ 16:

> As we previously found in [*State v. White*, 10th Dist. No. 17AP-538, 2017-Ohio-8750], here again, appellant has failed to demonstrate that any injustice would be precluded by

> reconsidering our previous holding * * * that the judgment entry and resentence entry complied with Crim.R. 32 and were final appealable orders.

{¶ 20} 11. Relator filed in the trial court on September 12, 2017 a motion to set aside his 2006 sentencing entry as void because the statutorily required term of post-release control was three years, not five as stated in the entry. The court rejected the proposition that the 2006 sentencing entry was entirely void, but did agree that the post-release control term was inaccurate due to a scrivener's error. The trial court entered a nunc pro tunc entry on February 19, 2019 correcting this term. Relator unsuccessfully appealed to this court to argue that post-release control should have been omitted entirely. *State v. White*, 10th Dist. No. 19AP-153, 2020-Ohio-4313, *discretionary appeal not accepted,* 160 Ohio St.3d 1461, 2020-Ohio-5332.

{¶ 21} 12. On October 24, 2019, relator filed in the trial court a "motion to correct a clerical error" in the 2006 sentencing entry as modified by the 2019 nunc pro tunc entry. Relator asserted that the entry was deficient because, when referencing his felony murder conviction, the court only referred to R.C. 2903.02 (murder generally) rather than R.C. 2903.02(B) (felony murder). The trial court accommodated relator with a second nunc pro tunc sentencing entry on April 30, 2020 adding the requested subsection (B) where appropriate. Relator again appealed unsuccessfully to this court, which held that the most recent nunc pro tunc entry was not an appealable order. *State v. White*, 10th Dist. No. 20AP-287, 2021-Ohio-588.

{¶ 22} 13. Relator filed his complaint for writs of procedendo and mandamus in this court on March 16, 2021. Although relator had at that time at least one related motion pending in the trial court, his complaint in this court does not reference this specifically as the object of undue delay, but focuses instead on the posture of his criminal case generally and the purportedly defective state of the court's prior entries and judgment.

{¶ 23} 14. Respondent filed a motion to dismiss on April 12, 2021. Relator filed his memorandum contra on April 27, 2021.

Discussion and Conclusions of Law:

{¶ 24} Proceedings under Civ.R. 12(B)(6) to dismiss a complaint for failure to state a claim upon which relief can be granted test the sufficiency of the complaint on its face, and, in appropriate cases, the effect and sufficiency of any attached documents. *State ex*

*rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). The court may, therefore, only consider the complaint itself and any written instruments attached thereto by the plaintiff. *Cline v. Mtge. Electronic Registration Sys.*, 10th Dist. No. 13AP-240, 2013-Ohio-5706, ¶ 9; *Brisk v. Draf Indus.*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10; *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, ¶ 29 (7th Dist.). For this court to grant a motion to dismiss an original action for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to the requested writ. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.; *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 25} In order for this court to issue a writ of mandamus, relator must show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). " 'A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment.' " *State ex rel. R.W. Sidley, Inc. v. Crawford*, 100 Ohio St.3d 113, 2003-Ohio-5101, ¶ 16, quoting *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532 (1999).

{¶ 26} Neither procedendo nor mandamus will compel the performance of a duty that has already been performed. *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000), citing *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253 (1998). When assessing whether a relator's complaint states a claim for a writ, the magistrate may take judicial notice of the pleadings and orders in the underlying case and related cases when these are not subject to reasonable dispute insofar as they affect the current original action. Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8.

{¶ 27} Relator asserts that a writ must issue to compel respondent to enter a valid sentencing entry in his criminal case. He appears to find a defect in the 2006 sentencing entry (as inconsequentially modified by the two subsequent nunc pro tunc entries) in that the disposition of Count Two, felonious assault in violation of R.C. 2903.11, does not (unlike

the indictment) mention the victim by name. From this, relator extrapolates that the trial court has never entered final judgment in his case.

{¶ 28} Crim.R. 32(C) specifies the elements that a judgment entry of conviction and sentence must contain. A judgment entry of conviction must contain these Crim.R. 32(C) elements to be final and subject to appeal. A judgment of conviction is therefore a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 8-9, citing *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, syllabus.

{¶ 29} Relator's arguments regarding the alleged defects in the 2006 sentencing entry have been addressed and rejected more times than would be productive to count. Suffice to say that this court last rejected this precise argument regarding the language of Count Two in the indictment and sentencing entry in its decision in *State v. White*, 10th Dist. No. 18AP-711, quoted above. Moreover, the Supreme Court has also clearly and definitively stated that the 2006 sentencing entry is compliant. *State ex rel. White v. Woods*, 156 Ohio St.3d 562, 2019-Ohio-1893, quoted above. This holding by a superior court "remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan,* 11 Ohio St.3d 1 (1984), citing *Gohman* v. *St. Bernard*, 111 Ohio St. 726, 730 (1924).

{¶ 30} Respondent, or more precisely one of his predecessors presiding over the case, has issued a valid final order of conviction and sentence in relator's criminal case. Application of principles of res judicata and law of the case preclude any contrary finding in this original action. Relator's complaint on its face does not state a claim that he has a clear legal right to the relief prayed for, or that the trial court has unreasonably delayed a ruling. It is therefore the magistrate's decision and recommendation that respondent's motion to dismiss the matter for failure to state a claim be granted, and relator's request for a writ of mandamus or procedendo is accordingly denied.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).