[Cite as *State v. White*, 2025-Ohio-916.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 24AP-430 |
| v. | : | (C.P.C. No. 03CR-7014) |
| Marcus D. White, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 18, 2025

**On brief:** *Dave Yost*, Attorney General, and *Andrea K. Boyd*, for appellee.

**On brief:** *Marcus D. White,* pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Marcus D. White, appeals from a judgment of the Franklin County Court of Common Pleas that denied his motion, filed February 24, 2021, alleging a "hanging charge" of felonious assault. For the following reasons, we affirm the judgment.

**I. Facts and Procedural History**

{¶ 2} In 2005, appellant was convicted and sentenced for felony murder for the shooting death of his mother-in-law, Debra Green, and for felonious assault for the non-fatal shooting of his wife, Tamica Spraggins, the details of which are set forth in this court's decision affirming the convictions and sentence on direct appeal, *State v. White,* 2006-Ohio-4226 (10th Dist.). Since then, there has been an extensive history of postconviction

litigation initiated by appellant. *See, e.g., State ex rel. White v. Aveni*, 2021-Ohio-3159, ¶ 6 (10th Dist.) (noting the "extensive history related to the underlying criminal case").

{¶ 3} The present appeal relates to a "hanging charge" argument that appellant has raised in different forms in the trial court, this court, and the Supreme Court of Ohio. As summarized by the Supreme Court in a prior appeal:

> [Appellant's] theory is as follows: Under Count One, he was convicted of felony murder. The trial court instructed the jury that the predicate felony for the felony-murder charge was the felonious assault of Green (which is separate from Count Two's charge for the felonious assault of Spraggins). But the sentencing entry does dispose of any separate charge of felonious assault regarding Green. [Appellant] argues that he is entitled to a new sentencing entry that disposes of that predicate felony to the felony-murder charge under Count One.

*State ex rel. White v. Aveni*, 2022-Ohio-1755, ¶ 13.

{¶ 4} Relevant here, on February 24, 2021, appellant filed a motion in the trial court regarding the alleged "hanging charge" titled, "Notice of Availability and Motion for Sentencing for the 'Hanging Charge' 2903.11 Felonious Assault to Wit: Debra Green" (the "February 2021 motion").

{¶ 5} In May 2021, appellant filed an original action in this court seeking a writ of mandamus or procedendo to compel the trial court to rule on a postconviction petition and the February 2021 motion. This court adopted a magistrate's recommendation to dismiss the writ action based on a trial court docket entry that appeared to have disposed of both the postconviction petition and the February 2021 motion. *State ex rel. White v. Aveni*, 2023-Ohio-1549 (10th Dist.).

{¶ 6} Appellant appealed to the Supreme Court which reversed this court's decision to dismiss the writ action as it related to the February 2021 motion and remanded the matter to the trial court for further proceedings. *State ex rel. White v. Aveni*, 2024-Ohio-1614.

{¶ 7} On June 18, 2024, the trial court issued a decision and entry denying the February 2021 motion.

{¶ 8} Appellant timely appealed.

## II. Assignments of Error

{¶ 9}   Appellant appeals and assigns the following assignments of error for our review:

> [I.] When a court only speaks through its journal entry & only one document can constitute a final appealable order, can the Appellant's judgment entry remain silent or be ambiguous on the charge of §2903.11 Felonious Assault to wit: D.G., when it was presented to the jury for deliberation of Appellants guilt as the underlying predicate offense & a necessary component of proving §2903.02(B) Felony Murder to wit: D.G., pursuant to *State v. White*, 156 Ohio St. 3d 536; *State v. Jackson*, 151 Ohio St. 3d 239; *State v. Baker*, 119 Ohio St. 3d 197; *State v. Ronan*, 2007 Ohio 168; *State v. Wanzo*, 2013 Ohio 2085 & *State v. Fry*, 125 Ohio St. 3d 163?

> [II.] Did the trial court commit structural error/plain error, when the trial court presented the jury with an unindicted crime i.e. felonious assault to wit: D.G. for deliberation of guilt and then refused to journalize its disposition of the charge, when it is a necessary component of proving i.e. §2903.02(B) Felony Murder pursuant to *State v. Fry*, 125 Ohio St. 3d 163; *State v. White*, 156 Ohio St. 3d 536; *State v. Jackson*, 151 Ohio ST. 3d 239; *State v. Baker*, 119 Ohio St. 3d 197, *State v. Ronan,* 2007 Ohio 168 & *State v. Wanzo*, 2013 Ohio 2085?

(Sic passim.)

## III. Discussion

{¶ 10}   At bottom, appellant's arguments challenge his sentence for felony murder or, more generally, his conviction for felony murder based on what he believes is a missing felonious assault charge underlying the felony murder conviction.  Consistent with what this court has previously stated, these arguments are barred by the doctrine of res judicata.

{¶ 11}   Generally speaking, " 'res judicata bars any claim that was or could have been raised at trial or on direct appeal.' "  *State v. White*, 2017-Ohio-8750, ¶ 15 (10th Dist.), quoting *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994), and citing *State v. Davic,* 2016-Ohio-4883, ¶ 11 (10th Dist.). We previously explained, on another of appellant's postconviction challenges to alleged errors in his sentence and conviction, as follows:

> [A]ppellant challenged his sentence during his direct appeal, and he challenged his sentence in his other postconviction pleadings. He also had the opportunity to raise his claimed error in instructing the jury on the lesser

included offenses in a timely appeal, or in a timely postconviction petition. . . .
As such, res judicata bars appellant's motion.

*White*, 2017-Ohio-8750, at ¶ 15 (10th Dist.).

{¶ 12} The same is true for appellant's instant challenge; specifically, appellant's arguments are barred by res judicata because they could have been raised on direct appeal or in a timely filed postconviction petition.

{¶ 13} Even if we were to reach the merits of appellant's "hanging charge" argument, appellant's assignments of error do not warrant relief because they are based on the erroneous assertion that there is a "hanging charge" that needs to be addressed. The error of this assertion has already been noted in the decisions preceding this appeal.

{¶ 14} The Supreme Court explained as follows:

White's "hanging charge" argument is based on the erroneous idea that for him to have been convicted of the felony murder of Green based on felonious assault, he had to have been charged with felonious assault of Green. Based on that erroneous conclusion, White incorrectly asserts that there is a felonious-assault charge against him still pending. *Compare State v. Crago*, 10th Dist. Franklin No. 18AP-857, 2020-Ohio-887, ¶ 12 (referring to an aggravated-murder charge as "hanging" when the jury had failed to reach a decision on that charge but the charge was never dismissed).

*State ex rel. White*, 2024-Ohio-1614, at ¶ 5, fn. 1.

{¶ 15} Additionally, the trial court explained in its decision following the Supreme Court's remand order as follows:

The concept of a "hanging charge" as presented by the Defendant is based on a misunderstanding of the law. As noted by the Supreme Court of Ohio, for a conviction of felony murder, the underlying felony does not need to be charged separately because it is a necessary component of proving the felony murder itself [citing *State ex rel. White v. Aveni*, 2024-Ohio-1614, ¶ 5, fn. 1].

Upon review, it is clear that the felonious assault charge for which the Defendant seeks relief is not pending as a separate, unresolved charge. The charge was subsumed within the felony murder conviction, and the jury's verdict and subsequent sentencing encompassed all necessary aspects of the case. Therefore, there is no separate felonious assault charge pending that would require additional sentencing. The notion of a "hanging charge" is unfounded, as all charges related to the Defendant's actions have been addressed within the existing legal framework and sentencing.

(June 18, 2024 Decision & Entry at 2-3.)

**{¶ 16}** The trial court stated further, after denying appellant's motion, "The court finds that there are no pending charges requiring further action or sentencing." (June 18, 2024 Decision & Entry at 3.)

**{¶ 17}** We agree that there are no pending charges in appellant's case requiring further action or sentencing. Appellant's "hanging charge" argument lacks merit. Accordingly, we overrule appellant's assignments of error.

## IV. Conclusion

**{¶ 18}** Based on the foregoing, and having overruled appellant's two assignments of error, we affirm the trial court's judgment denying appellant's February 2021 motion.

*Judgment affirmed.*

JAMISON, P.J., and BEATTY BLUNT, J., concur.

———————————