[Cite as *State v. Daboni*, 2018-Ohio-68.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case Nos. 16CA5 |
| Plaintiff-Appellee, | : | 16CA6 |
| | : | 16CA7 |
| vs. | : | |
| | : | <u>DECISION AND JUDGMENT</u> |
| JACQUES GOERGES K. | : | <u>ENTRY</u> |
| DABONI, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 01/05/18** |

_____
APPEARANCES:

Timothy Young, Ohio Public Defender, and Katherine R. Ross-Kinzie, Assistant State Public Defender, Columbus, Ohio, for Appellant.

James K. Stanley, Meigs County Prosecuting Attorney, Pomeroy, Ohio, for Appellee.
_____

McFarland, J.

{¶1} Jacques Goerges K. Daboni appeals from the trial court's decision sentencing him to maximum and consecutive prison terms totaling thirty-two years after a jury found him guilty of six counts of trafficking in heroin in violation of R.C. 2925.03(A)(1), one count of trafficking in heroin in violation of R.C. 2925.03(A)(2), one count of possession of heroin in violation of R.C. 2925.11(A) and (C)(6)(a), and two counts of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1). On appeal,

Appellant contends, through counsel, that 1) the trial court erred in failing to merge for sentencing offenses that had a similar import, arose from the same conduct, and were not committed separately or with a separate animus; 2) the verdicts on the counts of engaging in a pattern of corrupt activity were not supported by sufficient evidence; 3) his right to a fair trial and due process of law was violated; and 4) the imposition of maximum possible sentences on all counts is not clearly and convincingly supported by the record. This Court permitted Appellant, despite failure to request leave to do so, to file four additional pro se assignments of error, which are set forth verbatim below.

{¶2} However, because we find that the order appealed from in underlying case number 14CR232 (16CA6), which has been consolidated with the appeals from companion cases 14CR173 (16CA7) and 15CR0023 (16CA5), does not constitute a final, appealable order, this Court lacks jurisdiction to consider the merits of the appeal. Accordingly, this case is dismissed for lack of jurisdiction.

## FACTS

{¶3} The record reveals that Appellant, Jacques Goerges K. Daboni, was indicted on September 23, 2014, in case number 14CR173 in the Meigs County Court of Common Pleas on multiple felonies, which included three

counts of trafficking in heroin, one count of possession of heroin, and one count of engaging in a pattern of corrupt activity. Another indictment was filed in the Meigs County Court of Common Pleas on December 18, 2014, case number 14CR232, charging Appellant with the commission of five additional felonies, which included five more counts of trafficking in heroin. Thereafter, an additional indictment was filed on March 17, 2015, case number 15CR023, charging Appellant with an additional count of engaging in a pattern of corrupt activity, a second degree felony.

{¶4} A review of the record reveals that all three of these criminal cases were consolidated for purposes of trial below and that Appellant was convicted on all counts after a jury trial, with the exception of count number four in case number 14CR232. A review of the record reveals that the State made an oral motion to dismiss this count at the close of its case. The trial court noted the motion and that defense counsel did not object, however it never formally granted the motion. Further review of the record reveals that as a result of the State's motion to dismiss, the jury was not instructed on that count and did not render a verdict on that count. The trial court's trial notes characterize the count as dismissed, however, it never formally granted the motion, nor did it subsequently file a written order formally dismissing

the count.  As such, count four in case number 14CR232 (16CA6) appears to remain pending.

ASSIGNMENTS OF ERROR

"I.     THE TRIAL COURT ERRED IN VIOLATION OF MR. DABONI'S RIGHT UNDER THE DOUBLE JEOPARDY CLAUSE OF THE FIFTHE AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, AND R.C. 2941.25, WHEN IT FAILED TO MERGE FOR SENTENCING OFFENSES THAT HAD A SIMILAR IMPORT, AROSE FROM THE SAME CONDUCT, AND WERE NOT COMMITTED SEPARATELY OR WITH A SEPARATE ANIMUS.

II.    JACQUES DABONI'S VERDICTS OF COUNT 5, CASE NO. 14CR173, ENGAGING IN A PATTERN OF CORRUPT ACTIVITY, AND COUNT I, CASE NO. 15CR023, ENGAGING IN A PATTERN OF CORRUPT ACTIVITY WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE.  THE STATE PRESENTED INSUFFICIENT EVIDENCE TO SUPPORT ALL OF THE ESSENTIAL ELEMENTS OF THE CHARGES OF ENGAGING IN A PATTERN OF CORRUPT ACTIVITY IN VIOLATION OF R.C. 2923.32(A)(1) BEYOND A REASONABLE DOUBT, AND MR DABONI'S CONVICTION FOR ENGAGING IN A PATTERN OF CORRUPT ACTIVITY THEREFORE VIOLATES HIS RIGHTS TO DUE PROCESS.

III.   MR. DABONI'S RIGHT TO A FAIR TRIAL AND DUE PROCESS OF LAW WAS VIOLATED.

IV.    MR. DABONI'S MAXIMUM POSSIBLE SENTENCE ON ALL COUNTS IS NOT CLEARLY AND CONVINCINGLY SUPPORTED BY THE RECORD."

ADDITIONAL PRO SE ASSIGNMENTS OF ERROR

"V.     WHERE MY TRAIL COUNSEL'S INNEFECTIVE WHEN THEY
        DID NOT FINISH MY SUPPRESSION HEARING AND WHEN
        THEY WAIVED MY HEARING [SIC]?

VI.     WAS MY FOURTH AMENDMENT RIGHTS VIOLATED, WHEN
        OFFICERS HAD NO PROBABLE CAUSE FOR MY ARREST,
        AND WHEN OFFICERS SEARCHED 303 5TH ST RACINE, OH
        45771 WITHOUT A SEARCH WARRANT OR CONSENT TO
        SEARCH [SIC]?

VII.    DID JUDGE CARSON CROW ABUSE HIS DISCRETION, WHEN
        HE DIDN'T MAKE SURE THAT I HAD A FULL SUPPRESSION
        HEARING AS GUARANTEED BY THE 14TH AMENDMENT,
        AND DID HE ERROR WHEN HE DIDN'T MAKE SURE THAT
        MY CONSTITUTIONAL RIGHTS WHERE PROTECTED [SIC]?

VIII.   AM I ACTUALLY INNOCENT?"

LEGAL ANALYSIS

{¶5} As indicated above, before reaching the merits of the

assignments of error set forth above, we must address an initial threshold

matter involving jurisdiction. "Ohio courts of appeals possess jurisdiction to

review the final orders of inferior courts within their district." *Portco, Inc. v.*

*Eye Specialists, Inc.*, 173 Ohio App.3d 108, 2007–Ohio–4403, 877 N.E.2d

709, ¶ 8 (4th Dist.); citing Section 3(B)(2), Article IV, Ohio Constitution and

R.C. 2501.02. "In a criminal matter, if a trial court fails to dispose of all the

criminal charges, the order appealed from is not a final, appealable order."

*State v. Robinson*, 5th Dist. Stark No. 2007CA00349, 2008–Ohio–5885,

¶ 11–12; citing *State v. Coffman*, 5th Dist. Delaware No. 06CAA090062, 2007–Ohio–3765 and *State v. Goodwin*, 9th Dist. Summit No. 23337, 2007–Ohio–2343.  Such an interlocutory order is not subject to appellate review. *State v. Smith*, 4th Dist. Highland No. 10CA13, 2011–Ohio–1659, ¶ 5.

{¶6} As indicated above, there is nothing in the record before us that indicates the trial court disposed of count number four in the underlying criminal case number 14CR232, which is now part of this consolidated appeal.  As the record is devoid of any disposition as to this count, it remains pending.  Thus, the trial court's judgment entry filed in case number 14CR232 finding Appellant guilty of counts one, two, three and five is not a final appealable order.  Further, because that case was part of a consolidated trial of two additional cases, all of which are interrelated and have also been consolidated on appeal, we conclude we do not have jurisdiction to address any part of the consolidated appeals.  Accordingly we have no jurisdiction to review the merit's of Appellant's assignments of error and we dismiss the instant appeal. *State v. Grube*, 4th Dist. Gallia No. 10CA16, 2012–Ohio–2180, ¶ 6.

**APPEAL DISMISSED**.

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court,


BY:  _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**