[Cite as *State v. Crago*, 2020-Ohio-887.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

     Plaintiff-Appellee,              :

                                    No. 18AP-857

v.                                               :      (C.P.C. No. 86CR-234)

Martin D. Crago,                                 :      (REGULAR CALENDAR)

     Defendant-Appellant.             :

---

D E C I S I O N

Rendered on March 10, 2010

---

**On brief:** *Martin D. Crago*, pro se.

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Martin D. Crago, appeals the October 24, 2018 decision by the Franklin County Court of Common Pleas denying his motion to vacate a void conviction and sentence.

{¶ 2} In 1986, Crago was tried for two counts of aggravated murder, one count of aggravated robbery, and one count of kidnapping for his role in the killing of Edward Murray. Crago was convicted of aggravated robbery and kidnapping, but he was acquitted of aggravated murder in the course of kidnapping but convicted of a lesser-included offense of involuntary manslaughter on that count. The jury could not reach a verdict on the count

of aggravated murder during the commission of a robbery, and the court declared a mistrial on that count.

{¶ 3} After hearing argument from the parties and at defense counsel's request, the court proceeded to sentence Crago on the convicted counts. Crago appealed, and this court affirmed his convictions. *See State v. Crago*, 10th Dist. No. 86AP-945 (Aug. 2, 1988) ("*Crago I*"). At that time, we determined Crago's argument he could not be reprosecuted for the remaining aggravated murder count was premature. *Id.* at *24.

{¶ 4} On remand, Crago moved to have the remaining count of aggravated murder dismissed. The trial court denied that motion, and Crago filed another appeal. *State v. Crago*, 10th Dist. No. 87AP-394 (Sept. 22, 1988) ("*Crago II*"). In that appeal, we determined Crago could be tried on the remaining aggravated murder count without violating the "successive prosecution" bar of the Double Jeopardy Clause of the United States Constitution, *see id.* at *11, and we further determine the collateral estoppel bar of the Double Jeopardy Clauses of the state and federal constitutions described in *Ashe v. Swenson*, 397 U.S. 436 (1970) did not preclude retrial on that count. Crago appealed *Crago II* to the Supreme Court of Ohio, which accepted jurisdiction and vacated this court's decision. The Supreme Court concluded that denial of Crago's motion to dismiss based on double jeopardy did not constitute a final appealable order. *State v. Crago*, 53 Ohio St.3d 243 (1990) (*Crago III*), *superseded by statute as stated* in *State v. Anderson*, 138 Ohio St.3d 264, 275, 2014-Ohio-542, ¶ 60.

{¶ 5} Crago then filed an original action with this court, requesting we issue a writ of prohibition ordering the trial court to refrain from retrying him on the remaining aggravated murder count. We sustained the State's motion to dismiss because prohibition is not the proper avenue for adjudicating a double jeopardy claim. *See State ex rel. Crago v. Thompson*, 10th Dist. No. 91AP-1004 (Dec. 3, 1991).

{¶ 6} Thereafter, Crago was tried and convicted on the remaining count of aggravated murder. The trial court sentenced Crago to life imprisonment, but merged the involuntary manslaughter conviction from Crago's first trial with the aggravated murder conviction from his retrial, and ordered Crago's aggravated murder sentence to be served concurrently with the terms imposed for his robbery and kidnapping convictions. Crago appealed his conviction to this court, again arguing double jeopardy and collateral estoppel

No. 18AP-857

barred his retrial on the aggravated murder count. *See State v. Crago*, 93 Ohio App.3d 621 (10th Dist.1994) ("*Crago IV*"). We concluded Crago was properly retried on the remaining aggravated murder count, and again held his retrial and conviction following a mistrial did not violate either the federal or state double-jeopardy prohibitions. *Id.* at 635-39. Although we agreed Crago "could not have been subjected to multiple sentences for separate counts of aggravated murder based upon double jeopardy principles," we observed:

> the issue of multiple punishments was resolved when the trial court, during sentencing following retrial on the remaining aggravated murder count, determined that "the sentence previously imposed by this Court upon the defendant as to count two by entry filed September 22, 1986, is hereby set aside as count two has merged with count one * * *."

*Id.* at 631-32. And rejecting Crago's collateral estoppel argument, we determined the jury in Crago's first trial could conclude Crago did not purposefully cause the victim's death in the course of kidnapping him but still be unable to resolve whether Crago purposefully caused his death in the course of robbing him. Accordingly, the jury's verdict acquitting Crago of aggravated murder in the course of the kidnapping did not ipso facto lead to the conclusion he lacked a purpose to kill during the aggravated robbery. *Id.* at 638. The Supreme Court did not accept jurisdiction of *Crago IV, see State v. Crago*, 70 Ohio St.3d 1413 (1994), and the United States Supreme Court declined certiorari. *See Crago v. Ohio*, 513 U.S. 1172 (1995).

{¶ 7} On August 16, 2018, over 20 years after his conviction and sentence became final, Crago filed a motion to vacate a void conviction and sentence with the trial court, again arguing he could not be convicted and sentenced on the aggravated murder in the course of a robbery count because he had already been sentenced on the involuntary manslaughter conviction. The state opposed the motion, arguing in part that even if Crago's double-jeopardy arguments had been correct, the version of R.C. 2953.21 (the post-conviction statute) that was in effect in 1992 gave the trial court the authority to set aside the sentence for involuntary manslaughter to avoid creating a double-jeopardy or multiple-punishments issue. The trial court denied the motion on October 24, 2018. The trial court found it had validly imposed sentences on each of the counts for which Crago was convicted and the sentences imposed were not "a nullity or void, and did not include any clerical errors in need of correction." (Oct. 24, 2018 Entry at 1.)

{¶ 8} Crago now appeals and submits three assignments of error, all of which rest upon the same basic contention—the trial court should have granted his 2018 voidness motion, because the sentencing court was without authority in 1992 to "set aside" his first conviction and merge his involuntary manslaughter sentence with his subsequently-imposed 30-years to life sentence for aggravated murder during the commission of a robbery.

> [1.] The trial court abused its discretion in denying appellant's motion on October 24, 2018 where the trial court, in the March 1992 judgment entry, was clearly without subject-matter jurisdiction or statutory authority to set aside a valid judgment of sentence that was journalized and executed for count two. (State v. Carlisle, 131 Ohio St. 3d 127; State ex rel. Cruzado v. Zaleski, 111 Ohio St. 3d 353). The trial court was therefore without jurisdiction to commence a trial on 12/9/91 for an allied count.

> [2.] The trial court abused its discretion in denying appellant's motion on October 24, 2018 where the court, in the March 1992 judgment entry, patently and unambiguously lacked jurisdiction to set aside a judgment of sentence that had been affirmed by the Tenth District Court of Appeals.

> [3.] The appellees erred [sic] to the prejudice of the appellant by incorrectly interpreting the proper remedy of law set forth by R.C. 2953.21 in order to challenge the appellants conviction and sentence regarding count two.

Crago's first two assignments of error directly challenge the trial court's ruling denying his motion, and his third assignment of error challenges the state's use of the version of the postconviction statute in effect in 1992 as an argument to support that ruling.

{¶ 9} We believe all three assignments can be addressed together, as Crago's complaint the trial court lacked jurisdiction to sentence him for aggravated murder in 1992 because he had already been sentenced for involuntary manslaughter in 1986 simply reframes the arguments underlying his double-jeopardy claims, which have been repeatedly rejected by this court and others.

{¶ 10} He now contends the 1986 sentence entry was a final judgment as to the entire case, and the trial court therefore could not issue a sentence following his second trial. But there are a few simple points Crago's arguments fail to grasp. First, all of Crago's arguments rest on the assumption his 1986 entry of conviction was a valid, final judgment

of sentence as to all possible counts—an argument we have already rejected in the context of Crago's double-jeopardy claims. In *Crago I,* we observed issues relating to the disposition of the unresolved aggravated murder charge were "premature, and should be determined only when the trial court enters a judgment with respect to such count of the indictment." *Crago I* at *24. Those very issues were subsequently determined by this court in *Crago IV*, following Crago's retrial and resentencing. *See, e.g., Crago IV* at 632 (holding that "defendant's claim fails because his retrial was simply a continuation of his initial jeopardy and did not constitute a successive prosecution").

{¶ 11} More importantly, as we stated above Crago's new approach is to argue the 1992 sentence is void. Citing *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, ¶ 11, Crago argues the 1992 sentence was a modification of the valid and final, 1986 sentence, and the trial courts lack authority to modify final criminal judgments, making the 1992 sentence a nullity. But Crago's argument is exactly backward, because we now know the 1986 sentence was itself not valid and final. Recently, in *State v. Craig*, ___ Ohio St.3d ___, 2020-Ohio-455, the Supreme Court analyzed a similar case, and "adher[ing] to the text of the jurisdictional statute, our precedent, and our general rule disfavoring piecemeal appeals," held that "a conviction on one count of a multicount indictment is not a final, appealable order when other counts remain pending after a mistrial." *Id.* at ¶ 21. And, the *Craig* case merely makes clear what has long been the rule in this State. *See State v. Daboni*, 4th Dist. No. 16CA5, 2018-Ohio-68, ¶ 5-6; *State v. Ridener*, 2d Dist. No. 2018-CA-9, 2019-Ohio-1672, ¶ 13-16; *State v. Robinson*, 5th Dist. No. 2007 CA 00349, 2008-Ohio-5885, ¶ 11-12; *State v. Waters*, 8th Dist. No. 85691, 2005-Ohio-5137, ¶ 7-14; and *State v. Garner*, 11th Dist. No. 2002-T-0025, 2003-Ohio-5222, ¶ 7-11. *See also* Painter and Pollis, *Ohio Appellate Practice* section 2:10 (2020) ("[W]here a defendant is convicted on more than one charge, there is no final order until the trial court enters judgment (including sentence) on each and every offense for which there is a conviction and a journal entry memorializing the disposition of charges resolved through dismissal or acquittal." Thus, if a judge grants a mistrial on one count but enters a judgment of conviction on the others, the judgment is not a final order.").

{¶ 12} In 1986, Crago was found guilty of some offenses, acquitted of one, the jury hung on one offense (aggravated murder in the course of a robbery), and the court

No. 18AP-857

proceeded directly to sentencing on the offenses for which he was found guilty. The remaining aggravated murder charge was not dismissed or otherwise disposed of—rather, the charge was left "hanging" until the retrial in 1992. As a result, under *Craig*, the 1986 sentencing entry in Crago's case was not itself a final order.

{¶ 13} In short, upon review we conclude the 1986 sentencing entry in Crago's case was not final, since it did not dispose of all the charges against him. Rather, it is the 1992 entry which recites verdicts and imposes sentences for all offenses that was the final order of conviction in this case. As a result, Crago cannot claim the 1992 entry is void, since it is the only final, valid sentencing entry left in the case and does not modify a prior final sentence. Moreover, Crago cannot now complain he was somehow harmed by this bifurcated process, since this court's decisions in *Crago I* and *Crago IV* thoroughly reviewed and rejected all of the issues he raised as to all of the offenses for which he was convicted. Although the road to an entire resolution of Crago's prosecution was long, it was completed, and his sentence was properly imposed in 1992.

{¶ 14} For these reasons, all three of Crago's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas denying his motion is affirmed.

*Judgment affirmed.*

SADLER, P.J., and KLATT, J., concur.