[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hill v. Navarre*, Slip Opinion No. 2020-Ohio-4274.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4274

THE STATE EX REL. HILL, APPELLANT, *v.* NAVARRE, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hill v. Navarre*, Slip Opinion No. 2020-Ohio-4274.]

*Mandamus—Appellant had adequate remedy by way of appeal to challenge his sentence—Court of appeals' denial of petition affirmed—Appellant declared to be vexatious litigator.*

(No. 2020-0285—Submitted June 2, 2020—Decided September 3, 2020.)

APPEAL from the Court of Appeals for Lucas County, No. L-20-1036.

_____

**Per Curiam.**

{¶ 1} Appellant, Tyrice Hill, appeals the Sixth District Court of Appeals' judgment denying his petition for a writ of mandamus. We affirm and also declare Hill to be a vexatious litigator under S.Ct.Prac.R. 4.03(B).

## I. Background

{¶ 2} In 2005, Hill was convicted of three counts of aggravated robbery with firearm specifications and sentenced to more than 30 years in prison. On direct appeal, we vacated Hill's sentence and remanded the case for resentencing. *In re Ohio Criminal Sentencing Statutes Cases*, 110 Ohio St.3d 156, 2006-Ohio-4086, 852 N.E.2d 156, ¶ 2, 5. On remand, Lucas County Court of Common Pleas Judge Ruth Ann Franks sentenced Hill to the same prison terms she had previously imposed.

{¶ 3} Hill alleges that Judge Franks did not properly notify him of his appeal rights or of postrelease control at his resentencing hearing. In July 2019, Hill filed a motion for resentencing, seeking to be advised of his right to appeal in a new sentencing entry, which would thereby allow him to appeal his sentence. Appellee, Lucas County Court of Common Pleas Judge Lindsay D. Navarre, who had replaced Judge Franks, denied Hill's motion in October 2019.

{¶ 4} Hill filed a petition for a writ of mandamus in the Sixth District on February 5, 2020, seeking to compel Judge Navarre to resentence him. The Sixth District concluded that Hill had an adequate remedy in the ordinary course of law and denied the writ. The court observed that Hill could have appealed from Judge Navarre's October 2019 order denying his motion for resentencing. The Sixth District also determined that it had previously rejected Hill's arguments pertaining to Judge Franks's failure to give him notice of postrelease control when sentencing him.

{¶ 5} The Sixth District further observed that since his 2005 convictions, Hill had "filed more motions than th[e] court care[d] to count, at least eight separate appeals, and at least six prior civil actions all related to this matter." Finding that "the legal issues in this case have been resolved long ago," the Sixth District concluded that Hill had abused the legal system with his "substantively redundant motions and related original actions." The Sixth District therefore ordered the clerk

of courts not to file any future original actions or appeals by Hill unless he provided security for costs.

{¶ 6} Hill appealed to this court as of right. He argues that the Sixth District erred in denying a writ of mandamus, but he does not challenge the Sixth District's order barring the clerk from accepting his filings without a security deposit for costs. Judge Navarre asks this court to declare Hill to be a vexatious litigator under S.Ct.Prac.R. 4.03(B).

## II. Analysis

### A. *The Sixth District Was Correct in Denying the Writ*

{¶ 7} To be entitled to a writ of mandamus, Hill must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Navarre to provide it, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Bevins v. Cooper*, 150 Ohio St.3d 22, 2016-Ohio-5578, 78 N.E.3d 828, ¶ 4. In this case, Hill claims a clear legal right to be resentenced. His claim to a writ of mandamus fails, however, because he had an adequate remedy in the ordinary course of law.

{¶ 8} In October 2019, Judge Navarre entered an order denying Hill's motion for resentencing. Hill could have appealed Judge Navarre's order and obtained appellate review of whether he had been properly informed of his appeal rights and of postrelease control, which are the same issues Hill raises in this mandamus action. *See State ex rel. Daniels v. Russo*, 156 Ohio St.3d 143, 2018-Ohio-5194, 123 N.E.3d 1011, ¶ 9-12. Indeed, Hill acknowledges that Judge Navarre's order was a final, appealable order, yet he chose to forgo an appeal and pursue a writ instead. But a writ of mandamus is not a substitute for an appeal. *State ex rel. Cowell v. Croce*, 157 Ohio St.3d 103, 2019-Ohio-2844, 131 N.E.3d 934, ¶ 6.

*B.  Motion for Leave to Strike and/or Abandon*

{¶ 9} Attached to Hill's reply brief is a document styled as a "Motion for Leave to Strike and/or Abandon."  Hill asks the court to strike proposition of law Nos. II and III from his merit brief (or permit him to abandon them) because they are "premature."

{¶ 10} It is unclear whether Hill's motion is conditioned on a reversal of the Sixth District's judgment.  Regardless, all three of Hill's propositions of law assert that the Sixth District abused its discretion in some manner by denying a writ of mandamus.  As explained above, Hill is not entitled to the mandamus relief he seeks, because he had an adequate remedy in the ordinary course of law.  In any event, Hill does not need an order from this court to abandon an argument; his statement that he wishes to do so in his reply brief is enough.  We therefore deny Hill's motion as moot.

*C.  Vexatious Litigator*

{¶ 11} Judge Navarre requests that this court declare Hill to be a vexatious litigator.  Under S.Ct.Prac.R. 4.03(A), this court may sanction persons who file or sign "an appeal or other action [that] is frivolous or is prosecuted for delay, harassment, or any other improper purpose."  And if a party "habitually, persistently, and without reasonable cause engages in frivolous conduct under division (A)," then we may declare such person to be a vexatious litigator. S.Ct.Prac.R. 4.03(B).

{¶ 12} Judge Navarre's request is overbroad in one respect.  She asks that we bar Hill from filing *any* future new actions in *any* court without leave of this court.  S.Ct.Prac.R. 4.03(B), however, allows us to prohibit a party from continuing or instituting legal proceedings "in the Supreme Court."  We therefore determine only whether Hill should be restricted from continuing or instituting proceedings in this court.

{¶ 13} Hill has filed 12 other cases (10 original actions and 2 jurisdictional appeals) in this court since 2015. *See* Supreme Court case Nos. 2015-0754, 2017-0133, 2018-0334, 2018-1353, 2018-1355, 2019-0588, 2019-0687, 2019-1265, 2019-1375, 2020-0427, 2020-0428, and 2020-0435. Eleven of these actions are related to the same underlying criminal proceeding that is at issue in this case. Hill has sought either to compel a new sentencing hearing from which he can take a further appeal or to vacate his guilty plea underlying his convictions. Hill has filed eight cases (five of them against Judge Navarre) in this court since April 2019. Five of those cases, including this one, seek substantively the same relief (i.e., a new sentencing hearing).

{¶ 14} Judge Navarre relies on this court's recent decision in *Johnson v. Bur. of Sentence Computation*, __ Ohio St.3d __, 2020-Ohio-999, __ N.E.3d __, in support of her request that we declare Hill to be a vexatious litigator. In *Johnson*, this court declared the relator to be a vexatious litigator after identifying 22 original actions he had filed in this court over a seven-year period. *Id.* at ¶ 21. It was not simply the number of actions Johnson had filed that made him vexatious; it was also the repetitive nature of Johnson's arguments, which were "directly on the same issue." *Id.*

{¶ 15} Hill is not as prolific a filer in this court as Johnson was, but the principles stated in *Johnson* are applicable here. Under S.Ct.Prac.R. 4.03(A), we may consider an appeal or other action to be frivolous "if it is not reasonably well-grounded in fact or warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." Hill's efforts to secure an appeal of his 2006 resentencing fit this definition. He has repeatedly raised the same issues and sought the same relief in this court. In particular, Hill has continually sought extraordinary relief despite acknowledging that the correct remedy for the relief he seeks is to file a motion for delayed appeal under App.R. 5(A).

**{¶ 16}** The Sixth District denied at least five motions filed by Hill between 2007 and 2018 for leave to file a delayed appeal. But Hill's lack of success in obtaining leave to file a delayed appeal does not excuse his filing in this court substantively redundant extraordinary-writ actions seeking relief that is not cognizable in extraordinary-writ actions. Under *Johnson*, Hill's raising of repetitive and unmeritorious arguments that this court has already rejected—and doing so in duplicative extraordinary-writ proceedings—is frivolous conduct under S.Ct.Prac.R. 4.03(A) and (B). *See Johnson* at ¶ 20. Accordingly, we declare Hill to be a vexatious litigator under S.Ct.Prac.R. 4.03(B) and prohibit him from instituting or continuing legal proceedings in this court on a pro se basis unless he first seeks and obtains this court's leave.

### III. Conclusion

**{¶ 17}** Because Hill had an adequate appellate remedy in the ordinary course of law, the Sixth District was correct in denying his petition for a writ of mandamus. We affirm the Sixth District's judgment, deny as moot Hill's motion to strike and/or abandon, and declare Hill to be a vexatious litigator under S.Ct.Prac.R. 4.03(B).

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

————————————

Tyrice Hill, pro se.

Julia R. Bates, Lucas County Prosecuting Attorney, and Kevin A. Pituch and Evy M. Jarrett, Assistant Prosecuting Attorneys, for appellee.

————————————