[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. White v. Aveni*, Slip Opinion No. 2022-Ohio-1755.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

THE STATE EX REL. WHITE, APPELLANT, *v*. AVENI, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. White v. Aveni*, Slip Opinion No. 2022-Ohio-1755.]

*Mandamus—Procedendo—Despite its error in construing complaint for writs of mandamus and/or procedendo, court of appeals correctly dismissed the complaint, because complainant had an adequate remedy in the ordinary course of the law—Judgment affirmed.*

(No. 2021-1206—Submitted March 8, 2022—Decided June 1, 2022.)

APPEAL from the Court of Appeals for Franklin County,

No. 21AP-103, 2021-Ohio-3159.

_____

**Per Curiam.**

{¶ 1} Appellant, Marcus D. White, appeals the Tenth District Court of Appeals' dismissal of his complaint for writs of mandamus and/or procedendo against respondent, Franklin County Common Pleas Court Judge Carl A. Aveni II. We affirm.

**Background**

**{¶ 2}** In 2003, White was the subject of a three-count criminal indictment in the Franklin County Court of Common Pleas. *State v. White*, 10th Dist. Franklin No. 05AP-1178, 2006-Ohio-4226, ¶ 5. Count One charged White with aggravated murder with firearm specifications for causing the death of Debra Green. *Id.* Count Two charged him with attempted murder with a firearm specification for attempting to cause the death of Tamica Spraggins. The state dismissed the third count during trial. *Id.*

**{¶ 3}** In May 2005, a jury found White not guilty of aggravated murder under Count One but guilty of the lesser included offense of felony murder. *Id.* As to Count Two, the jury found White not guilty of attempted murder but guilty of the lesser included offense of felonious assault. *Id.* The jury returned findings of guilt on all the firearm specifications. *Id.* The trial court sentenced White to an aggregate prison term of 25 years to life. *Id.*

**{¶ 4}** The Tenth District affirmed White's convictions but remanded the case to the trial court for resentencing. *Id.* at ¶ 35. In 2006, the trial court issued a new sentencing entry. White appealed from the new sentencing entry, but the court of appeals affirmed the trial court's judgment. *State v. White*, 10th Dist. Franklin No. 07AP-743, 2008-Ohio-701, ¶ 2.

**{¶ 5}** Thereafter, White filed a complaint for writs of mandamus and/or prohibition, claiming that he was entitled to a new sentencing entry because, among other reasons, the 2006 sentencing entry did not identify the felony underlying his felony-murder conviction. *State ex rel. White v. Woods*, 10th Dist. Franklin No. 17AP-620, 2018-Ohio-2954, ¶ 5. The court of appeals dismissed the complaint, *id.* at ¶ 13, and we affirmed, *State ex rel. White v. Woods*, 156 Ohio St.3d 562, 2019-Ohio-1893, 130 N.E.3d 271, ¶ 1.

**{¶ 6}** In 2019, White filed a motion in the trial court asking it to correct an alleged clerical error in the sentencing entry. *State v. White*, 10th Dist. Franklin

No. 20AP-287, 2021-Ohio-588, ¶ 3. He argued that the sentencing entry indicated that he had been convicted of murder in violation of "R.C. 2903.02" and that it should have specified that he was convicted of felony murder under R.C. 2903.02(B). *Id.* The trial court granted the motion and issued a nunc pro tunc sentencing entry in April 2020. White appealed from that sentencing entry, asserting that he should have received a new sentencing hearing before the trial court corrected the older sentencing entry. *Id.* at ¶ 5. The court of appeals held that the nunc pro tunc entry was not a final, appealable order and dismissed White's appeal on that basis. *Id.* at ¶ 9.

{¶ 7} In March 2021, White commenced the present action for writs of mandamus and/or procedendo in the Tenth District. White alleged that the 2020 sentencing entry did not dispose of any charge for the felonious-assault of Green, which was, he asserted, the felony underlying his felony-murder conviction. He requested a writ compelling Judge Aveni to issue a new sentencing entry disposing of "each and every offense for which there is a conviction, i.e., 'Felonious Assault to wit Ms. Green.' "

{¶ 8} The magistrate issued a decision recommending that the court of appeals grant Judge Aveni's motion to dismiss. The magistrate concluded that White's complaint did not state a claim upon which relief could be granted and that, in any event, the complaint was barred by res judicata and the law-of-the-case doctrine. White filed objections to the magistrate's decision.

{¶ 9} The court of appeals overruled White's objections, adopted the magistrate's decision, and dismissed the complaint under Civ.R. 12(B)(6). 2021-Ohio-3159, ¶ 5. White timely appealed to this court.

### Legal analysis

{¶ 10} This court reviews dismissals under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8. "A motion to dismiss for failure to state a claim upon which relief can be granted

tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. "Dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator can prove no set of facts warranting relief." *Clark v. Connor*, 82 Ohio St.3d 309, 311, 695 N.E.2d 751 (1998).

**{¶ 11}** To be entitled to a writ of mandamus, the relator must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3. A writ of procedendo will issue when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Culgan v. Collier*, 35 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 7. To be entitled to a writ of procedendo, White must establish (1) a clear legal right to require the judge to proceed, (2) a clear legal duty on the part of the judge to proceed, and (3) the absence of an adequate remedy in the ordinary course of the law. *See State ex rel. Ames v. Pokorny*, 164 Ohio St.3d 538, 2021-Ohio-2070, 173 N.E.3d 1208, ¶ 6.

**{¶ 12}** The Tenth District misconstrued White's claim. According to the magistrate, White alleged that the trial court "ha[d] failed to enter a judgment of conviction and sentence that properly disposes of Count *Two* of the indictment." (Emphasis added.) Specifically, the magistrate said that White "appears to find a defect in the 2006 sentencing entry * * * in that the disposition of Count Two, felonious assault in violation of R.C. 2903.11, does not (unlike the indictment) mention the victim by name."

**{¶ 13}** White has not challenged the disposition of Count Two, which involves the felonious assault of Spraggins. Instead, his theory is as follows: Under

4

Count One, he was convicted of felony murder. The trial court instructed the jury that the predicate felony for the felony-murder charge was the felonious assault of Green (which is separate from Count Two's charge for the felonious assault of Spraggins). But the sentencing entry does dispose of any separate charge of felonious assault regarding Green. White argues that he is entitled to a new sentencing entry that disposes of that predicate felony to the felony-murder charge under Count One.

{¶ 14} Because the Tenth District misconstrued White's claim, its analysis of whether White's complaint states a valid cause of action is necessarily flawed. However, we will "not reverse a correct judgment merely because erroneous reasons were given for it." *State ex rel. Neguse v. McIntosh*, 161 Ohio St.3d 125, 2020-Ohio-3533, 161 N.E.3d 571, ¶ 10. And although the court of appeals misunderstood White's claim, it correctly dismissed the complaint.

{¶ 15} As a general rule, a writ of mandamus will not issue when the relator has or had an adequate remedy in the ordinary course of the law. *See, e.g.*, *State ex rel. Sands v. Culotta*, 165 Ohio St.3d 172, 2021-Ohio-1137, 176 N.E.3d 735, ¶ 12. White asserts that he does not have an adequate remedy, because, having failed to dispose of all the charges, the sentencing entries are not final, appealable orders. But White *did* have an adequate remedy that he could have pursued: he could have filed a motion for a new sentencing entry in the trial court, and the court's denial of that motion (if it were to deny it) would be a final, appealable order. *See State ex rel. Simmons v. Breaux*, 160 Ohio St.3d 223, 2020-Ohio-3251, 155 N.E.3d 857, ¶ 12. Because White had an adequate remedy in the ordinary course of the law, neither mandamus nor procedendo will lie.

### Conclusion

{¶ 16} For the reasons stated above, we affirm the court of appeals' dismissal of White's complaint.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Marcus D. White, pro se.

G. Gary Tyack, Franklin County Prosecuting Attorney, Jeanine A. Hummer, First Assistant Prosecuting Attorney, and Andrea C. Hofer, Assistant Prosecuting Attorney, for appellee.

_____