[Cite as *State ex rel. White v. Aveni*, 2023-Ohio-1549.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Marcus D. White, | : | |
| Relator, | : | No. 21AP-258 |
| v. | : | (REGULAR CALENDAR) |
| Judge Carl A. Aveni II, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on May 9, 2023

**On brief:** *Marcus D. White*, pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Bryan B. Lee*, for respondent.

IN MANDAMUS OR PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

MENTEL, J.

{¶ 1} Relator, Marcus D. White, brought this original action seeking a writ of mandamus or a writ of procedendo ordering respondent, Judge Carl Aveni II, to rule on several postconviction motions relator had filed in his criminal case. Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. Respondent filed a motion to dismiss the case, arguing that all of relator's motions had been ruled on or resolved via a July 14, 2021 decision and entry.

{¶ 2} The magistrate recommends that we deny the request for a writ of mandamus or procedendo as moot. (Aug. 12, 2021 Mag.'s Decision at 4.) The magistrate also provided notice to the relator of the opportunity under Ohio Civil Rule 53(D)(3) to object to the findings of fact and conclusions of law in the decision. *Id.*

{¶ 3}   Relator filed an objection arguing that the July 14, 2021 decision did not rule on his February 24, 2021 motion. (Aug. 23, 2021 Objs. at 1.) Thus, relator believes the matter is not moot and should not be dismissed. *Id.* at 1-2. However, as the magistrate noted, respondent's July 14, 2021 decision "acted to 'tie off' relator's February 24, 2021, notice and motion," and no motion on which relator based this action is "currently pending" before respondent. (Mag.'s Decision at 4.) Relator's objection is overruled.

{¶ 4}   Having overruled relator's objection, we adopt the decision of the magistrate, sustain respondent's motion to dismiss, and dismiss relator's complaint as moot.

*Motion to dismiss granted;*
*complaint dismissed.*

BEATTY BLUNT, P.J., concurs.
NELSON, J., concurs in part and concurs in judgment.

NELSON, J., retired, of the Tenth Appellate District, assigned
to active duty under the authority of the Ohio Constitution,
Article IV, Section 6(C).

NELSON, J. concurs in part and concurs in judgment.

{¶ 5}   I concur in the judgment of dismissal. I agree that the trial court now has disposed of relator's December 23, 2020 postconviction petition, and that the complaint before us is moot to that extent. I would not adopt that part of our magistrate's decision that finds by implication from the trial court's computerized docket that the trial court also is deemed to have denied relator's February 24, 2021 "Motion For Sentencing For The 'Hanging Charge' 2903.11 Felonious Assault To Wit: Debra Green." But I believe that aspect of the complaint fails on its face for other reasons. *See, e.g., State ex rel. White v. Aveni*, 168 Ohio St.3d 540, 2022-Ohio-1755, ¶ 13 (observing that "the sentencing entry does dispose of any separate charge of felonious assault regarding Green"). I, too, would dismiss the complaint, and therefore I concur in the judgment of this court.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Marcus D. White, | : | |
| Relator, | : | |
| v. | : | No.  21AP-258 |
| Judge Carl A. Aveni II, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on August 12, 2021

*Marcus D. White,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Bryan B. Lee,* for respondent.

IN MANDAMUS OR PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

**{¶ 6}** Relator, Marcus D. White, has filed this original action seeking either a writ of mandamus or procedendo ordering respondent, Judge Carl A. Aveni II, to issue a ruling on relator's December 23, 2020, petition to vacate or set aside judgment of conviction or sentence, and relator's February 24, 2021, notice of availability and motion for sentencing of the "hanging charge" 2903.11 felonious assault to wit: Debra Green. Respondent has filed a motion to dismiss relator's petition.

Findings of Fact:

{¶ 7}   1.  Respondent is a public official serving as a judge in the Franklin County Court of Common Pleas, in Franklin County, Ohio.

{¶ 8}   2.  Relator is a prisoner incarcerated at Pickaway Correctional Institution.

{¶ 9}   3.  On December 23, 2020, relator filed a post-conviction petition to vacate or set aside judgment of conviction or sentence ("post-conviction petition") in Franklin C.P. No. 03CR-7014 ("case 03CR-7014"), over which respondent presided.

{¶ 10}   4.  On January 29, 2021, relator filed a motion for summary judgment related to the December 23, 2020, petition.

{¶ 11}   5.  On February 2, 2021, the State of Ohio filed a motion for extension of time to respond to the December 23, 2020, post-conviction petition.

{¶ 12}   6.  On February 24, 2021, relator filed a notice of availability and motion for sentencing of the "hanging charge" 2903.11 felonious assault to wit: Debra Green ("notice and motion"), in case 03CR-7014.

{¶ 13}   7.  On May 19, 2021, relator filed his petition for writ of mandamus or procedendo with this court. In the petition, relator sought either a writ of mandamus or procedendo ordering respondent to issue a ruling on relator's December 23, 2020, and February 24, 2021, filings.

{¶ 14}   8.  On May 25, 2021, respondent granted the State of Ohio's motion for extension of time. Respondent granted the State of Ohio 30 days to respond to relator's pending motions.

{¶ 15}   9.  On June 24, 2021, the State of Ohio filed an answer and motion to dismiss relator's post-conviction petition.

{¶ 16} 10. On July 14, 2021, respondent issued a decision and entry granting the State of Ohio's motion to dismiss relator's post-conviction petition.

{¶ 17} 11. The trial court's online docket indicates that respondent's July 14, 2021, decision "tied off" relator's February 24, 2021, notice and motion, and the motion was released to clear the docket.

{¶ 18} 12. On June 16, 2021, in the present action, respondent filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), arguing that because respondent granted the State of Ohio's May 25, 2021, motion for extension of time, respondent did not refuse to enter a judgment or unnecessarily delay proceeding to judgment at the time.

Conclusions of Law:

{¶ 19} For the reasons that follow, it is this magistrate's decision that this court grant respondent's motion to dismiss relator's petition.

{¶ 20} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 21} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent

to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). Although procedendo is the more appropriate remedy, "mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, ¶ 5.

{¶ 22} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet). In addition, courts may take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580-81 (1996); *Draughon* at ¶ 26 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment).

{¶ 23} "[N]either procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000), citing *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252-53 (1998).

{¶ 24} In the present matter, six days after relator filed his present petition for writ of mandamus or procedendo in this court, respondent granted the State of Ohio's May 25, 2021, motion for extension of time, giving the State of Ohio 30 days to respond to relator's pending motions. Thus, at that point, respondent had not refused to enter a judgment or unnecessarily delay proceeding to judgment.

{¶ 25} Thereafter, on July 14, 2021, respondent ruled on relator's December 23, 2020, post-conviction petition, dismissing it pursuant to the State of Ohio's motion to dismiss. Thus, respondent has now performed one of the acts that relator sought to compel. Furthermore, according to the trial court's online docket, the dismissal of the petition also acted to "tie off" relator's February 24, 2021, notice and motion. Because neither the post-conviction petition nor the notice and motion are currently pending, the matter is moot and neither procedendo nor mandamus will lie.

{¶ 26} Accordingly, the magistrate recommends that this court grant respondent's motion to dismiss and find moot relator's petition for writ of mandamus or procedendo.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a

finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).