[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. White v. Aveni*, Slip Opinion No. 2024-Ohio-1614.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-1614

THE STATE EX REL. WHITE, APPELLANT, *v*. AVENI, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. White v. Aveni*, Slip Opinion No. 2024-Ohio-1614.]

*Mandamus—Procedendo—Mootness—Judicial notice—Vexatious litigators—A writ of mandamus can be used to compel a court to issue a decision, but a writ of procedendo is the more appropriate remedy because an inferior court's failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy—The record does not support a conclusion that trial court ruled on appellant's hanging-charge motion and therefore mooted his claim for extraordinary relief regarding that motion— Court of appeals erred in determining that trial court's docket entry itself disposed of hanging-charge motion—Judicial-notice requests did not involve facts generally known or capable of accurate determination— Request to declare appellant a vexatious litigator denied based on lack of precedent in which this court declared a party a vexatious litigator under*

*S.Ct.Prac.R. 4.03(B) when party had prevailed—Court of appeals' judgment affirmed in part and reversed in part and cause remanded.*

(No. 2023-0714—Submitted March 26, 2024—Decided April 30, 2024.)

APPEAL from the Court of Appeals for Franklin County,

No. 21AP-258, 2023-Ohio-1549.

_____

**Per Curiam.**

{¶ 1} Appellant, Marcus D. White, appeals the Tenth District Court of Appeals' judgment dismissing his complaint for a writ of mandamus or procedendo against appellee, Franklin County Common Pleas Court Judge Carl A. Aveni II. Judge Aveni filed a combined merit brief and motion asking this court to declare White a vexatious litigator under S.Ct.Prac.R. 4.03(B). White responded with a motion to strike Judge Aveni's combined brief and motion. White's motion to strike is supported by a document titled "Judicial Notice." He has filed two other documents titled "Judicial Notice," seeking relief or providing notice to this court regarding limitations on his access to legal mail and Judge Aveni's alleged failure to properly serve him with documents filed in this court.

{¶ 2} We affirm in part and reverse in part the Tenth District's judgment and remand the matter to the appellate court, deny White's motion to strike and the relief he seeks in his judicial-notice requests, and deny Judge Aveni's motion to declare White a vexatious litigator.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} According to the Tenth District, in 2003, White was charged with aggravated murder for causing the death of Debra Green and attempted murder for shooting Tamica Spraggins. *State v. White*, 10th Dist. Franklin No. 05AP-1178, 2006-Ohio-4226, ¶ 5 ("*White I*"). A jury found White not guilty of those charges but guilty of the lesser included offenses of felony murder (for Green's death) and felonious assault (for shooting Spraggins). *Id.*; *State v. White*, 10th Dist. Franklin

No. 20AP-287, 2021-Ohio-588, ¶ 3-4 (noting that the trial court had issued a nunc pro tunc sentencing entry specifying that White was convicted of felony murder). The jury found White guilty of a firearm specification as to each offense. *White I* at ¶ 5. The trial court sentenced White to an aggregate prison term of 25 years to life. *Id.* The Tenth District affirmed White's convictions but remanded the case to the trial court for resentencing under this court's decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. *White I* at ¶ 33-35. In a later appeal following his resentencing, the Tenth District affirmed White's sentences. *State v. White*, 10th Dist. Franklin No. 07AP-743, 2008-Ohio-701, ¶ 2.

**{¶ 4}** Years later, White filed in the Tenth District an unsuccessful original action to compel the trial court to issue a new sentencing entry identifying the felony underlying his felony-murder conviction. *See State ex rel. White v. Woods*, 10th Dist. Franklin No. 17AP-620, 2018-Ohio-2954, ¶ 1, 5, 13. White later filed in the Tenth District another unsuccessful original action to compel the trial court to issue a sentencing entry disposing of a purported charge for felonious assault of Green, which, White says, was the felony underlying his felony-murder conviction. *State ex rel. White v. Aveni*, 10th Dist. Franklin No. 21AP-103, 2021-Ohio-3159, ¶ 1, 5, 7. White appealed both of those judgments to this court, and we affirmed. *See State ex rel. White v. Woods*, 156 Ohio St.3d 562, 2019-Ohio-1893, 130 N.E.3d 271, ¶ 8-9; *State ex rel. White v. Aveni*, 168 Ohio St.3d 540, 2022-Ohio-1755, 200 N.E.3d 211, ¶ 14-16.

**{¶ 5}** This appeal involves another original action, filed by White in the Tenth District in May 2021, seeking a writ of mandamus or procedendo compelling the trial court to rule on his postconviction petition and a motion he filed in the trial court in the criminal case. The postconviction petition was filed December 23, 2020, and asserted an ineffective-assistance-of-counsel claim. The motion was

filed February 24, 2021, and sought White's sentencing for what he maintains is a "hanging charge" for felonious assault of Green.[1]

{¶ 6} Judge Aveni responded to White's complaint with a Civ.R. 12(B)(6) motion to dismiss, arguing that he had "not refused to enter a judgment or * * * unnecessarily delayed in proceeding." Judge Aveni's motion noted that he had afforded the state 30 days to respond to White's postconviction petition and hanging-charge motion. According to the Tenth District, on July 14, 2021, the trial court issued a decision and entry granting the state's motion to dismiss the December 23 postconviction petition. However, the trial court did not issue a separate entry addressing the February 24 hanging-charge motion.

{¶ 7} White's complaint was referred to a Tenth District magistrate, who recommended granting Judge Aveni's motion to dismiss and dismissing White's complaint as moot. 2023-Ohio-1549, ¶ 26. The magistrate took judicial notice of the trial court's online docket, which stated that the February 24 hanging-charge motion was " 'tied off' " and "released to clear the docket" when Judge Aveni issued his decision on the December 23 postconviction petition. *Id.* at ¶ 17. A majority of the appellate-court panel adopted the magistrate's decision and found White's writ claims moot. *Id.* at ¶ 4. Judge Frederick D. Nelson, a retired judge sitting by assignment, concurred in the appellate court's judgment dismissing the complaint and finding that the trial court had disposed of the December 23 postconviction petition, but disagreed with the appellate court's conclusion based on the docket entry that the trial court had denied White's February 24 motion. *Id.* at ¶ 5 (Nelson, J., concurring in part and concurring in judgment).

---

1. White's "hanging charge" argument is based on the erroneous idea that for him to be convicted of the felony murder of Green based on felonious assault, he had to have been charged with felonious assault of Green. Based on that erroneous conclusion, White incorrectly asserts that there is a felonious-assault charge against him still pending. *Compare State v. Crago*, 10th Dist. Franklin No. 18AP-857, 2020-Ohio-887, ¶ 12 (referring to an aggravated-murder charge as "hanging" when the jury had failed to reach a decision on that charge but the charge was never dismissed).

## II.  ANALYSIS

### A.  *White's motion to strike and judicial-notice requests*

{¶ 8} White has moved to strike Judge Aveni's combined merit brief and motion to declare him a vexatious litigator.  He has also filed three requests titled "Judicial Notice."  The first judicial-notice request serves as a memorandum in support of White's motion to strike.  The second and third judicial-notice requests concern how the Ohio Department of Rehabilitation and Correction's ("DRC") procedures for processing inmate legal mail have affected White's prosecution of this appeal and detail Judge Aveni's purported failure to properly serve White with documents that the judge has filed in this court.

{¶ 9} "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Evid.R. 201(B).  The purported facts that White asks this court to judicially notice come from unsworn statements in and attached to the judicial-notice requests and are based on his experiences in prison or communications he or his wife allegedly had with the office of the clerk of this court.  Although they are titled "Judicial Notice," the documents are more akin to motions seeking relief from this court.

{¶ 10} In his motion to strike Judge Aveni's combined merit brief and motion and in his first judicial-notice request, White argues that the combined filing was prejudicial to him.  Specifically, White asserts that he attempted to file a combined reply brief and response to Judge Aveni's motion but that filing was rejected by the clerk's office because, although his reply brief was timely, the ten-day window to respond to Judge Aveni's motion had passed.  White asks this court for several, alternative forms of relief, including striking Judge Aveni's combined merit brief and motion.

**{¶ 11}** White's motion to strike and first judicial-notice request do not show that he was prejudiced by Judge Aveni's filing the merit brief and motion to declare White a vexatious litigator as one document. Although White faults Judge Aveni for filing his merit brief and motion together, he does not explain why he felt compelled to respond to both simultaneously, ignoring that reply briefs and motion responses are different filings with different deadlines. Recognizing and meeting this court's deadlines was White's responsibility, and he was responsible for any missed deadlines. *See State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10. Further, the first judicial-notice request does not involve facts that are generally known or that are capable of accurate determination. *See* Evid.R. 201(B). We deny White's motion to strike and the relief requested in his first judicial-notice request.

**{¶ 12}** We deny White's other two requests for judicial notice. The second judicial-notice request details changes to DRC's procedures for processing inmate legal mail, asserting that the process frustrates inmates' ability to comply with courts' filing deadlines. White's third judicial-notice request states that he was not served with Judge Aveni's response to his second judicial-notice request until more than 30 days after the response was filed, because it was not properly addressed to White. The second and third requests ask this court to order the clerk of this court to coordinate mail delivery with White's institution and to order DRC to discontinue the complained-of inmate-legal-mail procedure because it violates the Ohio and United States Constitutions.

**{¶ 13}** The second and third judicial-notice requests suffer from the same failure as the first request; they do not contain facts that are generally known or that are capable of accurate determination. *See* Evid.R. 201(B). This court has rejected similar requests that sought to "inform" us of DRC's changes to its legal-mail procedures and the effects those changes have had on inmates' litigation. *See State ex rel. Griffin v. Sehlmeyer*, 167 Ohio St.3d 566, 2022-Ohio-2189, 195 N.E.3d 130,

¶ 8. This court denied the requests in *Griffin* because they did not "ask for specific relief with respect to the substantive issues before [the court]." That logic applies to the second and third judicial-notice requests in this case, and we deny those requests.

*B. The Tenth District's dismissal of White's mandamus and procedendo claims*

**{¶ 14}** This court reviews the Tenth District's judgment dismissing White's complaint de novo. *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 10. "Dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in [the] relator's favor, it appears beyond doubt that [the] relator can prove no set of facts warranting relief." *Clark v. Connor*, 82 Ohio St.3d 309, 311, 695 N.E.2d 751 (1998). In considering a motion to dismiss, a court generally may not consider evidence outside the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. An exception to that rule exists, however, when an event causes a case to become moot. *State ex rel. Ames v. Summit Cty. Court of Common Pleas*, 159 Ohio St.3d 47, 2020-Ohio-354, 146 N.E.3d 573, ¶ 5.

**{¶ 15}** Although White's complaint requested a writ of mandamus or procedendo, the nature of his claims makes procedendo the more appropriate legal vehicle. This court has noted that mandamus can be used to compel a court to issue a decision but that procedendo is the more appropriate remedy to obtain that result because " ' "[a]n inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy." ' " (Brackets added in *Dehler*.) *State ex rel. Doe v. Gallia Cty. Common Pleas Court*, 153 Ohio St.3d 623, 2018-Ohio-2168, 109 N.E.3d 1222, ¶ 14, quoting *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35, 656 N.E.2d 332 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110, 637 N.E.2d 319 (1994).

**{¶ 16}** A writ of procedendo will issue when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Culgan v. Collier*, 35 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 7. To state a claim in procedendo, White must allege facts showing that (1) he has a clear legal right to require Judge Aveni to proceed, (2) Judge Aveni has a clear legal duty to proceed, and (3) White lacks an adequate remedy in the ordinary course of the law. *See State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 531-532, 705 N.E.2d 1227 (1999). Mandamus and procedendo claims become moot when a respondent carries out the requested duty. *State ex rel. Cox v. Youngstown Civ. Serv. Comm.*, 165 Ohio St.3d 240, 2021-Ohio-2799, 177 N.E.3d 267, ¶ 22 (mandamus); *State ex rel. Roberts v. Hatheway*, 166 Ohio St.3d 531, 2021-Ohio-4097, 188 N.E.3d 150, ¶ 5 (procedendo).

*C. White's claims were not moot*

**{¶ 17}** The record in this case does not support the conclusion that Judge Aveni ruled on White's February 24, 2021 hanging-charge motion and therefore mooted White's claim for extraordinary relief regarding that motion. The Tenth District found that Judge Aveni's July 14, 2021 decision and entry disposed of the December 23, 2020 postconviction petition. 2023-Ohio-1549 at ¶ 4, 25. White does not dispute this. However, he argues that the July 14 decision and entry did not address or dispose of his February 24 motion and that therefore the motion remains pending.

**{¶ 18}** Again, the Tenth District determined that Judge Aveni's July 14 decision and entry disposed of White's December 23 postconviction petition. *Id.* at ¶ 25 ("on July 14, 2021, respondent ruled on relator's December 23, 2020, post-conviction petition, dismissing it pursuant to the State of Ohio's motion to dismiss. Thus, [Judge Aveni] has now performed *one* of the acts that relator sought to compel" [emphasis added]). The appellate court relied on the trial court's docket entry, which indicated that the ruling on the December 23 postconviction petition

8

had " 'tied off' " the February 24 hanging-charge motion. *Id*. at ¶ 17, 25. The appellate court found that the July 14 decision and entry had disposed of the February 24 motion, but the court noted at the same time that the July 14 decision and entry had addressed only the December 23 postconviction petition.

{¶ 19} The Tenth District's decision overlooked the important distinction between a journal entry and a docket entry. "Journalization is documented by the trial-court judge's signature and the stamp of the clerk of courts. Thus, journal entries signed by the trial-court judge and stamped by the clerk of courts are what control, not the references to them contained on the court's docket." (Internal citation omitted.) *McDougald v. Kuhn*, 162 Ohio St.3d 619, 2020-Ohio-4924, 166 N.E.3d 1163, ¶ 16, citing *State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, 139 N.E.3d 867, ¶ 19. "[W]hen no entry has been journalized, there is nothing that can be appealed and there is no adequate remedy at law that would preclude an extraordinary writ." *State ex rel. Henley v. Langer*, 156 Ohio St.3d 149, 2018-Ohio-5204, 123 N.E.3d 1016, ¶ 21 (Kennedy, J., concurring in judgment only), citing *State ex rel. Grove v. Nadel*, 81 Ohio St.3d 325, 326-327, 691 N.E.2d 275 (1998), and *Cleveland v. Trzebuckowski*, 85 Ohio St.3d 524, 527, 709 N.E.2d 1148 (1999).

{¶ 20} Although the record in this case reflects that Judge Aveni ruled on the December 23 postconviction petition in his July 14 decision and entry, there is no such entry addressing the February 24 hanging-charge motion. The docket entry, which the Tenth District found had "tied off" the February 24 motion, 2023-Ohio-1549 at ¶ 17, 25, was not a journal entry bearing the judge's signature or the stamp of the clerk of courts. The docket entry was not sufficient to constitute a decision by Judge Aveni on the February 24 motion.

{¶ 21} This court has reversed a court of appeals' judgment dismissing a procedendo claim and remanded under similar circumstances. In *State ex rel. Bunting v. Haas*, 102 Ohio St.3d 161, 2004-Ohio-2055, 807 N.E.2d 359, Bunting

had filed two documents styled as petitions for postconviction relief and a motion for appointment of an expert regarding the postconviction-relief claims. *Id.* at ¶ 2-3. The trial court ruled on the first petition for postconviction relief and the motion for appointment but did not address the second petition for postconviction relief. *Id*. at ¶ 2-4. In response to Bunting's procedendo claim concerning the second petition, the trial court conceded that it had not ruled on the second petition, but the appellate court dismissed Bunting's procedendo claim. *Id*. at ¶ 4. This court reversed the appellate court's dismissal of Bunting's claim, finding that "his procedendo claim may have merit" and noting that "[the] trial court judge ha[d] not yet ruled on his petition" and "the record [did not] reflect reasons for the delay." *Id*. at ¶ 9, citing Crim.R. 35(C).

{¶ 22} Judge Aveni's merit brief presents alternative arguments to justify affirming the Tenth District's judgment dismissing White's complaint, including that White's February 24 hanging-charge motion was barred by res judicata and that he had an adequate remedy in the ordinary course of the law. Those arguments are not properly before this court, because they were not raised before the appellate court. "A party cannot assert new arguments for the first time on appeal." *Fields v. Zanesville Police Dept.*, 5th Dist. Muskingum No. CT2021-0032, 2021-Ohio-3896, ¶ 31, citing *Kennedy v. Green*, 5th Dist. Muskingum No. CT2018-0033, 2019-Ohio-854, ¶ 35, and *Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41, 43, 322 N.E.2d 629 (1975). Judge Aveni's motion to dismiss argued only that he had "not refused to enter a judgment or * * * unnecessarily delayed in proceeding to judgment." Additionally, the appellate court dismissed White's complaint based on Judge Aveni's Civ.R. 12(B)(6) motion. Res judicata is an affirmative defense that is not included in the defenses that may be raised under Civ.R. 12(B), and generally, a court may not rely on evidence or allegations outside the complaint in deciding a Civ.R. 12(B)(6) motion to dismiss. *Jefferson v. Bunting*, 140 Ohio St.3d 62, 2014-Ohio-3074, 14 N.E.3d 1036, ¶ 10-11.

**{¶ 23}** In sum, the Tenth District correctly found that Judge Aveni had ruled on the December 23, 2020 postconviction petition and thus mooted White's claim concerning the petition. However, the appellate court's determination that the trial court's docket entry itself disposed of the February 24 hanging-charge motion was erroneous.

### D.  Vexatious-litigator motion

**{¶ 24}** Judge Aveni asks this court to declare White a vexatious litigator. S.Ct.Prac.R. 4.03(B) allows this court to declare a party a vexatious litigator if the party "habitually, persistently, and without reasonable cause engages in frivolous conduct under [S.Ct.Prac.R. 4.03(A)]." S.Ct.Prac.R. 4.03(A) defines an action as frivolous "if it is not reasonably well-grounded in fact or warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." In determining whether a litigant is vexatious under the rule, this court considers not only the number of cases brought by the litigant but whether the litigant has presented unmeritorious, repetitive arguments on the same issue. *See State ex rel. Hill v. Navarre*, 161 Ohio St.3d 188, 2020-Ohio-4274, 161 N.E.3d 627, ¶ 14. White has filed 19 other cases in this court since 2006 (13 discretionary appeals, 4 direct appeals, and 2 original actions). Judge Aveni cites nearly all of them in his motion to declare White a vexatious litigator, though he does not argue that all were frivolous.

**{¶ 25}** Judge Aveni's motion cites *Hill*, in which this court declared a litigant vexatious under S.Ct.Prac.R. 4.03 in similar circumstances. In *Hill*, this court noted that Hill had previously filed ten original actions and two jurisdictional appeals in this court, most of which concerned his criminal convictions and sought to either compel a new sentencing hearing or vacate his guilty pleas. *Hill* at ¶ 13. We found that "Hill's raising of repetitive and unmeritorious arguments that this court has already rejected—and doing so in duplicative extraordinary-writ proceedings—[was] frivolous conduct under S.Ct.Prac.R. 4.03(A) and (B)." *Id.* at

¶ 16, citing *State ex rel. Johnson v. Bur. of Sentence Computation*, 159 Ohio St.3d 552, 2020-Ohio-999, 152 N.E.3d 251, ¶ 20.

{¶ 26} White's filing history in this court is similar to that at issue in *Hill*. All of White's filings in this court have involved his criminal convictions. Most of his filings have involved challenges to denials of his postconviction requests. Starting in October 2017, White's jurisdictional appeals have argued that he was not properly sentenced and that to be convicted of felony murder, the underlying felony charge had to pertain to the victim of the murder. *See, e.g.*, Supreme Court case Nos. 2017-1402, 2017-1663, 2018-0790, 2019-0816, 2021-0648, 2022-0286, and 2023-0526. White's claims have been determined to be untimely, unmeritorious, or barred by res judicata. *See, e.g.*, Supreme Court case Nos. 2013-1362, 2017-0290, 2017-1402, 2017-1663, 2018-0790, 2019-0816, 2021-0648, 2022-0286, 2023-0526, and 2023-1189.

{¶ 27} White has habitually, persistently, and without reasonable cause pursued claims and appeals in this court that were not reasonably well-grounded in fact or warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. *See* S.Ct.Prac.R. 4.03(A) and (B). Although one aspect of White's appeal in this case has merit, that does not change the fact that he has a well-established habit of filing appeals and other actions in this court that are frivolous and repetitive.

{¶ 28} However, this court has not previously ruled in favor of a party and simultaneously declared that party to be a vexatious litigator under S.Ct.Prac.R. 4.03(B). Based on a lack of precedent in which this court declared a party a vexatious litigator under S.Ct.Prac.R. 4.03(B) in a case in which the party prevailed on one of his or her claims, we deny Judge Aveni's motion to declare White a vexatious litigator in this case.

### III. CONCLUSION

{¶ 29} For the foregoing reasons, we affirm the Tenth District Court of Appeals' judgment that White's claim as to his December 23, 2020 postconviction petition was moot and reverse its judgment that White's claim as to his February 24, 2021 hanging-charge motion was moot and remand the cause to the appellate court for consideration of that claim. We deny White's motion to strike and the relief he seeks in his judicial-notice requests. We deny Judge Aveni's motion to declare White a vexatious litigator.

Judgment affirmed in part
and reversed in part
and cause remanded.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Marcus D. White, pro se.

Jeanine Hummer and Nickole K. Iula, Franklin County Assistant Prosecuting Attorneys, for appellee.

_____