[Cite as *State ex rel. White v. Aveni*, 2024-Ohio-2976.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Marcus D. White, | : | |
| Relator, | : | |
| v. | : | No.  21AP-258 |
| Judge Carl A. Aveni II, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on August 6, 2024

**On brief:** *Marcus D. White*, pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Bryan B. Lee*, for respondent.

IN MANDAMUS OR PROCEDENDO

MENTEL, P.J.

{¶ 1}  Relator, Marcus D. White, brought this original action on May 19, 2021, seeking a writ of mandamus or a writ of procedendo ordering respondent, Judge Carl Aveni, to rule on two postconviction motions relator had filed in his criminal case on December 23, 2020, and February 24, 2021.  Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate, who recommended denying the request as moot because Judge Aveni had ruled on the December 23, 2020 motion in a decision filed on July 14, 2021.  In addition, the magistrate concluded that the decision "acted to 'tie off' relator's February 24, 2021, notice and motion," and therefore the motion that was the subject of the action was not still pending in the trial court.  *State ex rel. White v. Aveni*, 10th Dist. No. 21AP-258, 2023-Ohio-1549, ¶ 3.  We accepted the recommendation of the magistrate, overruled Mr. White's objection, and dismissed the action.  *Id.* at ¶ 4.

{¶ 2} Mr. White appealed the dismissal. The Supreme Court of Ohio affirmed in part and reversed in part. *State ex rel. White v. Aveni*, ___ Ohio St.3d ___, Slip Opinion No. 2024-Ohio-1614. The court held that "the Tenth District correctly found that Judge Aveni had ruled on the December 23, 2020 postconviction petition and thus mooted White's claim concerning the petition." *Id.* at ¶ 23. "However, the appellate court's determination that the trial court's docket entry itself disposed of the February 24 hanging-charge motion was erroneous," the court held, because that determination relied on a docket notation that the motion had been "tied off," rather than "a journal entry bearing the judge's signature or the stamp of the clerk of courts." *Id.* at ¶ 20, 23. Accordingly, the cause was remanded for this court to consider Mr. White's claim in procedendo. *Id.* at ¶ 29.

{¶ 3} "With regard to actions in procedendo, a court is permitted to consider the record of the trial court and judicial decisions provided by the respondent in determining whether the respondent has already performed the act sought in the complaint." *State ex rel. Eichenberger v. Serrott*, 10th Dist. No. 23AP-355, 2024-Ohio-718, ¶ 15, citing *State ex rel. Roberts v. Marsh*, 159 Ohio St.3d 457, 2020-Ohio-1540, ¶ 6. On June 18, 2024, the trial court acknowledged the Supreme Court of Ohio's decision and ruled on Mr. White's February 24, 2021 motion. (June 18, 2024 Decision & Entry Denying Def. Marcus D. White's Mot. Filed Feb. 24, 2021 at 2.) The trial court denied the motion and concluded "there are no pending charges requiring further action or sentencing." *Id.* at 3. This entry bore the judge's signature and a time stamp of the clerk memorializing its entry.

{¶ 4} Because the trial court has issued the ruling Mr. White sought when filing this original action, the matter is moot. "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253 (1998), citing *Martin v. Judges of the Lucas Cty. Court of Common Pleas*, 50 Ohio St.3d 71, 72 (1990). Accordingly, we dismiss the complaint as moot.

*Complaint dismissed.*

BEATTY BLUNT and EDELSTEIN, JJ., concur.

_____